**STATE of Missouri, Respondent,**

v.

**Charles H. BRADY, Appellant.**

**No. WD32246.**

Missouri Court of Appeals,
Western District.

Oct. 6, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 10, 1981.

Application to Transfer Denied
Dec. 14, 1981.

---

(1) ... or

(2) Is armed with a deadly weapon; or

(3) ... or

(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

2. ..."

Stephen W. Mendell, Asst. Public Defender, St. Joseph, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

The first count of the information here charged defendant with burglary second degree under Section 569.170, and the second count charged stealing under Section 570.-030, both sections being part of RSMo 1978. Both counts also allege defendant to be a persistent offender. The jury acquitted defendant under Count I, but found him guilty under Count II. Pursuant to a finding that defendant was a persistent offender, the court sentenced him to seven years imprisonment, from which defendant appeals.

The evidence showed that the warehouse of Hall Implement Company was broken into on the night of April 22–23, 1979. A two and a half ton Chevrolet truck marked with the company name and several lawn tractors were taken. Two prosecution witnesses identified defendant as the driver of a Hall Implement Company truck loaded with lawn tractors which became stuck in a mud hole the night of the theft and which had to be extricated. Defendant denied that he had driven the Hall Implement truck on the night in question or that he was in any other way implicated in the burglary or theft. In support, he offered alibi witnesses who testified that he was at a party with them during all of the time in question.

Defendant's point on appeal is that the verdicts on the two counts are inconsistent and that the verdict of guilty on Count II is not supported by sufficient evidence to sustain his conviction. His argument can be summarized by the following quotation from his brief: "the defendant was charged in one information with actually entering the building of Mr. Hall and removing the garden tractor which was located therein. It is inconsistent and inconceivable by the nature of the charge and by the evidence of the state that the defendant could have appropriated the tractor without making such an entry into the building." This same argument was made and rejected in State v. Dominique, 619 S.W.2d 782 (1981). The opinion in Dominique is controlling here.

The evidence was sufficient to support the jury verdict and no error of law appears. An extended opinion would have no precedential value. The judgment and conviction is therefore affirmed under Rule 84.16(b).

All concur.