**Charles H. BRADY, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 35769.**

Missouri Court of Appeals,
Western District.

Jan. 22, 1985.

Holly G. Simons, Columbia, for appellant.

John Ashcroft, Atty. Gen., and Thomas Carter, II, Jefferson City, for respondent.

Before KENNEDY, P.J., and DIXON and CLARK, JJ.

KENNEDY, Presiding Judge.

Brady appeals from denial of his Rule 27.26 motion to vacate his conviction for stealing, Section 570.030, RSMo 1978. The trial court found Brady to be a persistent offender and sentenced him to seven years' imprisonment pursuant to Section 558.021, RSMo 1978.[1] His conviction and sentence were affirmed on direct appeal. *State v. Brady*, 624 S.W.2d 187 (Mo.App.1981).

We reverse the trial court judgment and remand for resentencing in accordance with this opinion.

Appellant was tried in 1980 for burglary and stealing. He was also charged in the information with being a persistent offender, under Section 558.016. The jury acquitted him on the burglary charge, but found him guilty of stealing. The trial court made a docket entry on August 28, 1980, showing that appellant had been found to be a persistent offender, and ordering a presentence investigation. The docket entry does not make specific findings, as required by Section 558.021, listing the convictions that were the basis for finding that he was a persistent offender.

Appellant filed a motion to vacate his conviction under Rule 27.26, alleging that various constitutional violations occurred at his trial. An evidentiary hearing was held on appellant's motion, at which he presented two additional grounds. He argued that the amended information charging him with being a persistent offender was defective because it failed to allege that he had been imprisoned for the previous convictions, and that the trial court had not followed the procedures set forth in Section 558.021 for imposing the extended term. Appellant testified that he had never been afforded a sentencing hearing to establish the basis for an extended term, at which he could cross-examine witnesses or present evidence.

The Rule 27.26 court entered findings of facts and conclusions of law denying appellant's motion for post-conviction relief. It denied his request to amend, correct, or vacate his sentence because the trial court failed to follow the Section 558.021 procedures for imposing an extended term, stating that the transcripts from the trial and the hearing on August 28, 1980, were not before it for review. The Rule 27.26 court concluded that the basis for the trial judge's finding that appellant was a persistent offender was appellant's trial testimony.

As his only point on appeal, appellant argues that the Rule 27.26 court erred by denying his motion to vacate because the trial court did not follow the procedures set forth in Section 558.021 for imposing an extended term of imprisonment, and particularly because it entered no specific findings of facts showing the basis for the extended sentence. Appellant further claims that the record suggests that he was not afforded a sentencing hearing, as required by the statute. He argues that his conviction should be reversed and the

---

1. The statute has been amended. L.1981, p. 636–7, Section 1. All subsequent references are to the statute in effect at the time of appellant's sentencing, Section 558, RSMo 1978.

case remanded to require the trial court to hold a sentencing hearing at which a sufficient basis to support the enhanced sentence can be established and at which he can be afforded an opportunity to cross-examine witnesses and present evidence in his own behalf.

We are convinced that there was no hearing and no specific findings of previous felony convictions as required by Section 558.021, upon which the court could predicate a finding that the appellant was a persistent offender and subject to an enhanced sentence. The trial court's finding to the contrary is "clearly erroneous" and requires reversal. Rule 27.26(j).

The only evidence we have as to whether the trial judge had a hearing upon which he found appellant to be a persistent offender is the following:

First, there is the judge's docket entry for August 28, 1980, which reads as follows:

> Defendant's motion for new trial taken up, argument heard, motion denied. Court finds defendant is a persistent offender as alleged in the information. Court orders pre-sentence investigation by the State Board of P.N.P. Defendant remanded to jail.

Second, we have the oral testimony of the appellant at the Rule 27.26 hearing that no hearing was held to determine whether he had been convicted of two previous felonies as required by Section 558.021, supra.

The attorney general takes the position that in the absence of a transcript it may be presumed that the action of the circuit court was regular and legal, and that in the absence of a transcript the defendant cannot prove that he was *not* accorded a persistent offender hearing. He cites *Huffman v. State*, 451 S.W.2d 21, 23 (Mo.1970). In *Huffman*, though, there was no issue whether a trial had been held. In that case, a trial had been held, and the question was what had occurred thereat. The court held that it was the 27.26 movant's burden to prove his grounds for relief. He was not excused from that burden by the absence of the transcript. That case does not support the state's position.

It appears to us that the failure of the trial judge's minutes to show the holding of a hearing strongly indicates that none was held, a conclusion which is strengthened by the absence of a transcript of any hearing. (We have examined the transcript in the original appeal, and find no record of proceedings after the return of the verdict.)

The absence of a hearing and of specific findings by the court as required by Section 558.021, supra, requires that the appellant's sentence be vacated and that the case be remanded to the trial court for resentencing. The judgment of conviction is of course untouched.

Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.

All concur.