STATE of Missouri, Respondent,

v.

Harold RICHARDSON, Appellant.

No. WD 37880.

Missouri Court of Appeals,
Western District.

Sept. 23, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 4, 1986.

Application to Transfer Denied
Dec. 16, 1986.

Dan J. Pingelton, Columbia, for appellant.

Timothy W. Anderson, Asst. Atty. Gen.,
Jefferson City, for respondent.

Before CLARK, C.J., and NUGENT and LOWENSTEIN, JJ.

CLARK, Chief Judge.

Appellant was convicted in a jury trial of the offenses of burglary and stealing. On a finding that appellant was a persistent offender, § 558.016.3, RSMo.Cum.Supp. 1984,[1] the court sentenced appellant to concurrent terms of fifteen years for each offense. Affirmed.

The first point raised on appeal contends the trial court erred in sentencing appellant without making the finding required by § 558.021(3) that appellant was a persistent offender or, if such a finding was made, it was entered after the verdict in violation of § 558.021.2. The facts in this respect must be stated as a prelude to discussing the contention.

The amended information under which appellant was tried charged him as a persistent offender and described three prior felony convictions. When the case came on for trial, the court took up various pre-trial motions and also the charge that appellant was a persistent offender by reason of having two or more prior felony convictions. In support of the charge, the state offered in evidence certified copies of records showing three prior felony convictions in Jackson County of one Harold Monroe Richardson. The defendant, appellant here, objected to a finding based on that proof alone contending that name identification was not enough and that the state should show a social security number, photograph or other support for the identification. After admitting the records as exhibits in evidence, the court stated: "I think it behooves the defendant at this point to show he is not the same Harold Monroe Richardson that was involved in these earlier matters." At that juncture, no attempt was made by appellant to offer any evidence, but the court also made no finding on the issue of persistent offender status indicating that a decision would be reserved.

Trial of the case proceeded, the cause was submitted to the jury and no instruction on punishment was given. The guilty verdicts were returned. The issue of persistent offender status next arose at the hearing on appellant's motion for new trial which raised as error the failure of the court to make a finding on the question. The record conveys the impression that the court believed its submission of the case without instructing on punishment was a de facto ruling adequate to cover the point. When pressed by the state for a ruling, the court announced: "All right. That finding is hereby made and its very obvious to me that he has three prior convictions, which, as I say were properly proved up. And, under the circumstances, that will be the finding."

■ Appellant contends the court erred, first in not ruling the issue of persistent offender status before submitting the case to the jury and second, in not reciting when a ruling was made that the evidence proved beyond a reasonable doubt that defendant was a prior offender, a persistent offender or a dangerous offender. In unmistakable language, § 558.021.2 imposes a duty on the court to enter a finding as to prior, persistent or dangerous offender before submitting the case to the jury. Section 558.021(3) requires the court to indicate its finding to be beyond reasonable doubt and, of course, to state in which of the extended punishment term categories it has placed the defendant. Express findings of fact are an integral component of the ruling. Failure to follow the statute is more than an irregularity, it is error. *State v. Wynn*, 666 S.W.2d 862, 864 (Mo.App.1984).

■ In this case, the court obviously did not observe the directives of the statute because the case was submitted to the jury before the issue was ruled and when a ruling was made, there was no reference to the persuasion of the court by a finding beyond reasonable doubt and no indication of whether appellant was a prior, persistent or dangerous offender. The error is

1. All statutory references are to RSMo.Cum. Supp.1984.

self evident but the question of prejudice to appellant is another matter.

In *Chamberlain v. State*, 703 S.W.2d 43 (Mo.App.1985), the facts were similar to the present case in that a determination of persistent offender was not made until after submission to the jury. Relying on *State v. Wynn, supra,* the court held that Chamberlain had shown no prejudice and despite the error, no relief was warranted. The same rule is applicable here.

The only claim Richardson makes is that the court's action deprived him of the opportunity to show he was not the same person listed in the conviction record. He does not indicate what evidence if any he has that would suggest any mistake in identity nor does he say how an opportunity to be heard would produce any different result. He concedes that he does have a prior criminal record, the particulars of which are not disclosed.

 The identification of the accused with the record of prior convictions by name only is sufficient to make out a prima facie showing of identity by the state even if the identification is only by first and last names. *State v. McBurnett*, 694 S.W.2d 769, 771 (Mo.App.1985). Although appellant was charged in this case as Harold Richardson, he makes no claim that his middle name is not Monroe. He does not dispute that he is in fact a prior offender and he offers no facts at all which would support a claim of prejudice. The failure by the court to rule the persistent offender status prior to submission and thereafter to make a ruling which did not conform to the statute is not to be commended as it raises a provisional question as to the effectiveness of the judgment. In the absence of some indication that the error actually resulted in prejudice, however, neither a reversal of the judgment nor a remand for hearing on the question is appropriate. Appellant's first point is denied.

In his second point, appellant contends the evidence was insufficient to support his conviction on the two charges. The evidence viewed in the light most favorable to the state, including inferences reasonably

drawn therefrom, *State v. McDonald*, 661 S.W.2d 497, 500 (Mo. banc 1983), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985), showed that at 3:30 a.m. on September 20, 1985, a silent alarm was triggered at a video store in Lexington. When a police officer responded, he saw appellant and another man at the entrance to the store. Both then ran in the direction of a parked automobile which was idling with lights off. When the officer's car blocked movement of the waiting vehicle, appellant and the other man attempted to flee on foot but appellant was apprehended and placed under arrest.

Examination of the store showed that glass in the front door had been broken and merchandise from the store was found in the automobile in which appellant had attempted to leave the area. While appellant was fleeing on foot, the officer observed him remove a pair of jersey gloves from his hands.

 It is true, as appellant argues, that there was no evidence directly proving he had entered the burglarized premises and no evidence showing him to have been in actual possession of the stolen merchandise. Proof of appellant's complicity in the crime was circumstantial. Although the facts on which the state relies in a circumstantial evidence case must be consistent with each other, consistent with guilt, inconsistent with any reasonable theory of innocence and must exclude every reasonable hypothesis of innocence, they need not conclusively establish guilt or demonstrate the impossibility of innocence. *State v. Prier*, 634 S.W.2d 197, 199 (Mo. banc 1982).

 The facts described above were sufficient to present the case to the jury to determine guilt. Appellant was at the scene of an obvious break in to a mercantile establishment in the early hours of the morning with no explanation for his presence consistent with any theory of innocence. At the approach of a police officer, he fled to a waiting vehicle in which goods stolen from the place of business had been deposited. Being thwarted in his effort to

escape by car, he fled on foot and was captured only after a chase. The fact issue of appellant's implication was for the jury.

Appellant cites and relies on *State v. Dudley*, 617 S.W.2d 637 (Mo.App.1981) in which evidence of defendant's presence at the scene of a burglary and subsequent flight were held insufficient to make a submissible case. The principal differences between this case and *Dudley* are that in *Dudley*, there was no evidence of any association between Dudley and the other person at the burglarized premises and nothing to connect Dudley with stolen property. Here, appellant and his confederate were obviously engaged in some activity together at the location and, most importantly, appellant attempted to make his escape in a vehicle with the stolen property.

The judgment is affirmed.

All concur.