STATE of Missouri, Respondent,

v.

Jeffrey Lynn GALVAN, Appellant.

No. WD 38304.

Missouri Court of Appeals,
Western District.

Feb. 24, 1987.

Janet M. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., Margaret K. Landwehr, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

PER CURIAM:

Jeffrey Galvan was convicted by a jury of possessing a controlled substance within the confines of a correctional institution, § 217.360.1(1), RSMo Supp.1984, and of of-

fering to commit violence to a correctional institution officer, § 217.385, RSMo Supp. 1984. He was sentenced as a prior offender to seven years' imprisonment on each count, the terms to run concurrently. Galvan does not challenge the underlying conviction, but appeals the enhanced sentence on the ground that the trial court failed to comply with the procedural requirements of § 558.021, RSMo Supp.1984.

The sentence is vacated, and the cause is, remanded for findings and resentencing.

The incidents which gave rise to this criminal proceeding occurred while Galvan was incarcerated at the Central Missouri Correctional Center. On December 14, 1984, two guards at the Center observed Galvan acting in what they considered to be a suspicious manner. The guards escorted Galvan to an unoccupied dining hall for the purpose of searching him. When several dilaudid pills were discovered in a balloon concealed in one of Galvan's shoes, Galvan initiated a fight with the guards in an attempt to retrieve the balloon. Blows were exchanged on both sides, and Galvan was restrained in due course.

In chambers prior to trial, the trial judge indicated that prior convictions would be established at the jury-instruction conference. During the trial, however, the prosecuting attorney presented evidence of Galvan's prior felony conviction in the presence of the jury. Nothing else pertaining to Galvan's status as a prior offender appears in the record until the sentencing hearing, at which time the following colloquy took place between the trial judge and prosecuting attorney:

THE COURT: [T]he prior offender status was proved at trial, am I not correct? Was there proof offered and received, and a finding made regarding prior offender status?

---

. . . .

MR. AHSENS: Yes, Your Honor, that's what my notes indicate.

The State now acknowledges that the trial court failed to comply with § 558.021 in that no finding of Galvan's prior offender status was made.[1] In lieu of filing a brief for respondent, the Attorney General filed a motion to remand this case for the sole purpose of making the requisite finding and reimposing Galvan's sentence. Remand for this limited purpose is well precedented, see *State v. Light,* 686 S.W.2d 538 (Mo.App.1985); *Brady v. State,* 685 S.W.2d 239 (Mo.App.1985); *State v. Hunt,* 683 S.W.2d 271 (Mo.App.1984), and is in accordance with the relief requested by Galvan. Galvan, as earlier noted, raises no other point of error in his brief in this court.

Judgment and sentence vacated, and cause remanded for trial court findings on defendant's prior offender status, and for resentencing.

---

1. Section 558.021, RSMo Supp.1984, provides in part as follows:

1. The court shall find the defendant to be a prior offender ... if

. . . .

(3) The court makes findings of fact that warrant a finding beyond a reasonable doubt by

the court that the defendant is a prior offender ...

2. In a jury trial, the facts [warranting a finding that the defendant is a prior offender] shall be pleaded, established and found prior to submission to the jury outside of their hearing ...