**Thomas BARNES, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15317.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 4, 1988.

Motion for Rehearing or to Transfer
Denied and Overruled May 26, 1988.

Brian P. Taylor, Taylor & Taylor, Neosho, for movant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

The movant filed his motion under Rule 27.26 attacking his conviction for first degree robbery and his sentence to imprisonment for 19 years. The movant entered into a stipulation for the disposition of that motion. The motion court entered a judgment upon that stipulation. The movant appeals contending that the judgment does not conform to the stipulation and the motion court made insufficient findings of fact.

The following is a summary of the proceedings. A jury found the defendant guilty of robbery in the first degree and assessed his punishment at imprisonment

for 15 years. The trial court found the movant to be a prior offender and sentenced him to imprisonment for 19 years. The conviction was affirmed on appeal. *State v. Barnes,* 693 S.W.2d 331 (Mo.App. 1985). The movant's amended motion contained 13 lettered paragraphs alleging grounds for setting aside his conviction and sentence. Eight of those lettered paragraphs alleged the trial court erred in some respect and movant was denied effective assistance of counsel because his trial counsel did not object or move for a mistrial. Five of those lettered paragraphs only alleged movant was denied effective assistance of counsel because of some omission by trial counsel. The first paragraph of lettered paragraph 8(a) alleged the trial court erred in finding the movant to be a prior offender and in enhancing his punishment of imprisonment from 15 years to 19 years. A second paragraph under lettered 8(a) alleged movant's counsel was ineffective for not raising the assertions of error set forth in the first paragraph.

A hearing was held upon that motion. At the outset, counsel for movant (not trial counsel or counsel on appeal) announced to the court:

Judge, Mr. Barnes and I have talked, and Mr. Barnes, if I say something that you disagree with, you speak and let us know, okay? As to Mr. Barnes' 27.26, Judge, I've explained to him that the Prosecutor is willing to agree as to Point 8–a, and that Mr. Barnes be resentenced in accordance with the sentence recommended by the jury in this case, of 15 years.

Mr. Barnes has therefore agreed that he will waive the other points raised in his 27.26 motion. Is that correct, Mr. Barnes?

Movant responded, "Yes, it is." The prosecuting attorney admitted there was merit in the allegation of error in the enhancement of the punishment. The judge of the trial court was the judge of the motion court. The sentence was not set aside solely upon the basis of an agreement and without consideration of the merits. This case does not present a factual situation similar to that in *State ex rel. Carver v. Whipple,* 608 S.W.2d 410 (Mo. banc 1980).

After the acknowledgement of error by the prosecuting attorney, movant's counsel and the motion court questioned the movant further to establish the movant knew his right to proceed with the motion and the consequences of the proposed waiver. Following the movant's answer to the last question propounded by the motion court, the motion court made the following announcement: "The Court: All right, I'm going to make a finding that the enhanced punishment imposed in the amount of four years, in addition to punishment as recommended by the jury, was improperly imposed, and that 19 year sentence is set aside." The court, as the trial court, then granted allocution and sentenced the movant to imprisonment for 15 years. The motion court made the following docket entry:

Movant appears with counsel for hearing on 27.26. Defendant waives all issues except as to issue of enhanced punishment imposed under prior offender issue. Court finds that enhanced punishment of 4 years in addition to punishment as recommended by the jury was improperly imposed. Sentence of 19 years set aside. GH Allocution granted. See file in CR 481–48F for re-sentencing entries. GH

An order and judgment to the same effect were prepared and signed. Later, a formal judgment was entered which included the following: "All issues in Movant's 27.26 motion having been waived except the single issue of improper enhancement of punishment, and such issue having been ruled in Movant's favor, the Court believes there are no declarations of law which need be addressed."

Movant's first point is that the motion court erred in finding that he waived his allegation that trial counsel rendered ineffective assistance by not posing the objections to the enhancement of punishment alleged in lettered paragraph 8(a). Movant's second point is that the cause must be remanded to the motion court to make a finding on that allegation. The movant

supports those points by the following argument: The right to effective assistance of counsel is a constitutional right. The waiver of a constitutional right, such as the right to counsel, is valid only if the record shows the same to have been a "knowing and voluntary" waiver as delineated in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). He then argues that he did not understand the agreed disposition of his motion included his claim he received ineffective assistance of counsel. He asserts the transcript does not demonstrate a knowing and voluntary waiver of that claim. Therefore, he concludes, the cause must be remanded for a finding upon the claim of ineffective assistance of counsel alleged in paragraph 8(a).

There is a basic distinction between the waiver of the fundamental right to counsel and the waiver of a claim that because of a specified act or omission counsel rendered ineffective assistance. To present a claim of ineffective assistance of counsel by a 27.26 motion, a movant must allege facts which establish such ineffectiveness. *Cawthon v. State*, 614 S.W.2d 262 (Mo.App. 1980). A movant "has the burden of establishing his grounds for relief by a preponderance of the evidence." Rule 27.26(f); *Van Moore v. State*, 667 S.W.2d 470 (Mo. App.1984). A recent observation by the Supreme Court of this state is relevant.

The decision to call for a mistrial is in this respect quite different from the decision to forego a fundamental constitutional right such as the right to counsel (*Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)), or the combination of rights relinquished by the entering of a guilty plea (*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). In these latter instances, there must be 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst*, 304 U.S. at 464, 58 S.Ct. at 1023; see also *Boykin v. Alabama*, 395 U.S. at 243, 89 S.Ct. at 1712. However, it is clear that the voluntary waiver standard of *Johnson v. Zerbst* does not apply to the decision to request a mistrial. [*United States v.*] *Dinitz*, 424 U.S. [600] at 609 n. 11, 96 S.Ct. [1075] at 1080 n. 11 [47 L.Ed.2d 267 (1976)].

*State v. Fitzpatrick*, 676 S.W.2d 831, 837 (Mo. banc 1984). It is clear that the voluntary waiver standard of *Johnson v. Zerbst*, supra, does not apply to a decision not to pursue an allegation of ineffective assistance of counsel. However, it should be noted that circumstances will usually make it very salutary for a motion court to apply those standards before approving an abandonment of the pleaded grounds of ineffective assistance of counsel. It is not necessary to further define the standard applicable to such a decision.

As stated, following the initial announcement noted above, movant's counsel established the movant was aware of his right to pursue his motion and the consequences of the proposed waiver. Those subsequent proceedings included the following questions and answers:

Mr. Maples: You understand if you waive all of these points in this 27.26, that it would be very unlikely that you could come in and present them to any court?

Mr. Barnes: Yes, I do.

Mr. Maples: And if you waive your appeal, it would be very unlikely that you could have an appeal?

Mr. Barnes: Yes.

Mr. Maples: I've explained to you if you don't want to go through this procedure, the Court would give you a hearing this afternoon on all the points in your 27.26 motion?

Mr. Barnes: Yes.

Mr. Maples: And the Court could rule in favor of you without going through this?

Mr. Barnes: Yes.

Mr. Maples: And if the Court did not rule in favor of you on one or more points, that if you desired, we could appeal that?

Mr. Barnes: Yes.

At the conclusion of his examination, movant's counsel announced: "We will waive all the points in Mr. Barnes' 27.26 motion, with the exception of 8–a, which claims

that Mr. Barnes should have been sentenced in accordance with the jury's recommendation of 15 years, and that he was not properly determined to be a prior offender."

This announcement was followed by a painstaking examination by the motion court which included the following:

The Court: There's been discussion here in which the only issue that is now before the Court is that alleged in Paragraph 8–a of your 27.26 motion. And that 8–a alleges that the Court failed to make all the essential findings in order to support the enhanced punishment, which was four years in addition to that imposed or recommended by the jury. Is that your understanding?

Mr. Barnes: Yes, sir, it is.

The Court: And do you realize, and have you agreed that there are *other allegations made in other subparagraphs and paragraphs* of your 27.26 motion which might or might not be found to have merit, and that when you waive that, you forever foreclose the possibility of again raising those same issues?

Mr. Barnes: Yes, sir, I do. (emphasis added)

Extended discussion is not required to demonstrate the movant waived all "other allegations made in other subparagraphs and paragraphs" of his motion. This included the claim of ineffective assistance of counsel that he now asserts. The record further shows that this waiver was a knowing and voluntary waiver in accordance with the standards of *Johnson v. Zerbst,* supra. Cf. *Cole v. State,* 690 S.W.2d 195 (Mo.App. 1985).

The determination of the motion court that the movant waived all points presented by his motion except the erroneous enhancement of his sentence is supported by the evidence. Moreover, no other issue was presented to the motion court. The cause need not be remanded for an express finding on an issue not presented to the motion court. *Newman v. State,* 703 S.W. 2d 71 (Mo.App.1985); *Davis v. State,* 680 S.W.2d 324 (Mo.App.1984). The movant's

appeal has no merit and the judgment of the motion court is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.