Gerald **HUNTER**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 54138.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 10, 1988.

Application to Transfer Denied
Sept. 13, 1988.

**422**

Steven R. Sallerson, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Movant appeals a judgment from the Circuit Court of St. Louis County denying his Rule 27.26 motion without an evidentiary hearing. We affirm.

On September 13, 1985, Gerald Hunter, hereinafter movant, pled guilty to two separate counts of stealing over $150.00. The court accepted both pleas and sentenced movant as a persistent offender to 10 years for each count which were to run concurrent to one another along with running concurrent to any parole revocations that were to occur as a result of movant's guilty plea.

In movant's Rule 27.26 motion, movant asserts that his guilty plea was involuntary as a result of ineffective assistance of counsel in that his guilty plea had been "coerced by circumstances." The trial court ruled without an evidentiary hearing that such assertion was refuted by the record and therefore denied. Movant now appeals.

■ Initially, we note that after a plea of guilty the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Porter v. State*, 678 S.W.2d 2, 3 (Mo.App.1984). Also, an evidentiary hearing is required only where the movant has pled facts, not conclusions, which are not refuted by the guilty plea record. *Colbert v. State*, 486 S.W.2d 219, 221 (Mo.1972).

■ The trial court in its findings of fact and conclusions of law concluded in part that:

6. Movant has failed to allege facts not refuted by the record showing that his plea was rendered involuntary due to the alleged actions or inactions of his attorney. [and]

7. Movant stated to the Court that he was satisfied with his attorney's representation on this case.

Appellate review of a motion to vacate is limited to a determination of whether or not the findings, conclusions and judgment are clearly erroneous. Rule 27.26(j). The trial court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985).

We have reviewed the entire record and conclude that the findings, conclusions, and judgment of the motion court were not clearly erroneous. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

STEPHAN, P.J., and PUDLOWSKI, J., concur.