**Claude SCHARNHORST, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40827.**

Missouri Court of Appeals, Western District.

June 20, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied Sept. 12, 1989.

David Harrison Miller, Richmond, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

SHANGLER, Judge.

The movant Scharnhorst appeals from an order which denied his Rule 27.26 motion to vacate judgment and sentence after an evidentiary hearing. Scharnhorst was charged by information with receiving stolen property [§ 570.080, RSMo 1978] and as a persistent offender, punishable by an extended term [§ 558.016.3, RSMo Supp. 1984]. The information alleged seven specific prior felony convictions as the basis for the allegation of the persistent offender status. Scharnhorst pleaded guilty to receiving stolen property and, under the terms of a plea bargain agreement, was sentenced to a term of imprisonment for fifteen years as a persistent offender. The execution of the sentence was suspended and Scharnhorst was placed on probation for a term of five years. Subsequently, the probation was revoked and the fifteen year sentence was ordered executed.

Scharnhorst then brought his Rule 27.26 motion [still in effect] to set aside the conviction on the plea of guilty. There was no direct appeal from the conviction. The grounds alleged for post-conviction relief are both jurisdictional and that the ineffective assistance of counsel rendered the plea involuntary.

The movant argues first that the information was insufficient as a charge of the crime of receiving stolen property and so the conviction on the plea of guilty to the information was a nullity and must be set aside. To invest a court with jurisdiction over an accused in a criminal cause there must be an information formally filed which charges the accused with the offense to which he pleads. *State v. Robertson*, 764 S.W.2d 483, 485[3] (Mo.App.1989). If a criminal information fails to charge a crime the court acquires no jurisdiction to proceed, and whatever transpires thereafter is a nullity. *State v. McKinney*, 756 S.W.2d 527, 530 (Mo. banc 1988). Thus, the sufficiency of a criminal information may be collaterally attacked in a Rule 27.26 proceeding. *Wilson v. State*, 755 S.W.2d 324, 325[1] (Mo.App.1985).

The statute which defines the offense for which the movant was convicted [§ 570.080.1, RSMo 1978] provides:

A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen.

The movant complains that the information does not identify the owner of the stolen property which he was charged with receiving.[1] An information which fails to contain an essential averment in the description of the offense will be held defective even after verdict—or judgment on a plea of guilty. *State v. Brooks*, 507 S.W.2d 375, 376[1–3] (Mo.1974).

Ownership, however, is not an essential element of the offense of receiving stolen property as defined in § 570.080. It was settled under the predecessor receiving stolen property law[2] that ownership

---

1. The information recited:

   [O]n or about July 27, 1985, in the county of Saline, State of Missouri, the defendant, with the purpose to deprive the owner of one .22 caliber Remington semi-automatic rifle, Serial # 242941, and one Mossberg 16 gauge bolt action shotgun, Model 190, kept such property, of a value at least one hundred fifty dollars, knowing or believing that it had been stolen.

2. Section 560.270, RSMo 1969 (repealed 1979), provided:

   Every person who shall buy, or in any way receive, with intent to defraud, any property that shall have been stolen from another, knowing the same to have been stolen, shall,

was not an essential element of offense. *State v. Simone*, 416 S.W.2d 96, 99[4, 5] (Mo.1967). The successor statute, § 570.080, broadens the acceptable proof on the element of intent in that the prosecution must plead and prove that the defendant either received, retained, or disposed of "property of another" either "knowing that it has been stolen or believing that it has been stolen." That is to say, the prosecution is neither required to plead and prove the identity of the owner, as the argument goes, but only that the defendant knew or believed the property was stolen. *State v. Sweeney*, 701 S.W.2d 420, 424 (Mo. banc 1985)[3]

▪ The movant argues next that the sentence imposed by the trial court was in excess of that authorized by law and hence the denial of relief under Rule 27.26 was clearly erroneous. The movant pleaded guilty to the Class C felony of receiving stolen property and was sentenced to a term of fifteen years under a plea bargain agreement which suspended the execution of sentence and imposed a five year term of probation. The plea was to an information which charged Scharnhorst as a persistent offender also under § 558.016.3—one who has been convicted of two or more felonies committed at different times—and alleged convictions on seven prior felonies.

At the plea proceeding, the court read to the accused the substantive charge of receiving stolen property as rendered by the information, the allegation of persistent offender, the detail of each of the seven prior felony convictions on which that allegation rested, the normal penalty for conviction of receiving stolen property, and the enhanced penalty for conviction as persistent offender. The court explained, and Scharnhorst acknowledged understanding of the constitutional rights which attend an accused in a criminal trial, waived them, confessed the crime and tendered his plea of guilty to the information. Counsel for the defendant then examined his client. Scharnhorst acknowledged to him the answers to the document, *To Defendants Who Plan to Enter a Plea of Guilty*, and his subscription. The entries on the form acknowledge that the range of punishment for the offense charged is up to 15 years and that the plea bargain is for a fifteen year sentence with a five year probation. An entry also confessed that he received stolen guns. The court accepted the plea of guilty as voluntary and imposed the sentence and probation as delineated by the plea bargain agreement.

The guilty plea court made no determination or entry that Scharnhorst was a persistent offender, nor findings of fact upon which the adjudgment rests. The movant complains in the Rule 27.26 motion that the absence of a finding of persistent offender and of the facts upon which that determination rests not only violates § 558.021, but also nullifies the extended term of 15 years because only the 7 year term imposable for receiving stolen property was proven. Neither the findings nor the judgment of the postconviction court addresses this allegation of the motion. On this appeal Scharnhorst contends that the denial of that ground for relief was clearly erroneous and seeks the vacation of the sentence and remand of the cause for the findings § 558.021 requires and for resentencing.

The *extended term procedures* statute, § 558.021, under which Scharnhorst was sentenced to the fifteen year term provides:

1. *The court shall find the defendant to be a* prior offender, *persistent offender,* or dangerous offender, *if*

(1) *The* indictment or *information,* original or amended, or the information in lieu of an indictment *pleads all essen-*

---

upon conviction, be punished in the same manner and to the same extent as for the stealing of the property so bought or received.

**3.** The intent of the legislature by the enactment of § 570.080 was to curb the activities of those who "fence" stolen merchandise—that is, those who deal in property they believe to be stolen.

It was the purpose of the legislature "to increase the risk for those who choose this path to crime." *State v. Sweeney*, 701 S.W.2d at 424. To require the prosecution in such cases to plead and prove the identity of the owner would impermissibly thwart the statutory purpose.

*tial facts warranting a finding that the defendant is a* prior offender, *persistent offender,* or dangerous offender; *and*

(2) *Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a* prior offender, *persistent offender,* or dangerous offender; *and*

(3) *The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a* prior offender, *persistent offender,* or dangerous offender.

2. In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of their hearing, except the facts required by subdivision (1) of subsection 4 of section 558.016 may be established and found at a later time, but prior to sentencing, and may be established by judicial notice of prior testimony before the jury.

3. In a trial without a jury or upon a plea of guilty, the court may defer the proof and findings of such facts to a later time, but prior to sentencing. The facts required by subdivision (1) of subsection 4 of section 558.016 may be established by judicial notice of prior testimony or the plea of guilty.

4. The defendant shall be accorded full rights of confrontation and cross-examination, with the opportunity to present evidence, at such hearings.

5. *The defendant may waive proof of the facts alleged.*

6. Nothing in this section shall prevent the use of presentence investigations or commitments under sections 557.026 and 557.031, RSMo.

7. At the sentencing hearing both the state and the defendant shall be permitted to present additional *information* bearing on the issue of sentence. [emphasis added].

We declared in *State v. Thompson,* 629 S.W.2d 361 (Mo.App.1981), approved 629 S.W.2d 369 (Mo. banc 1982), at 365[5, 6]:

The extended term section 558.016 of the recently adopted criminal code invests a trial court with the altogether new power to enhance a sentence of imprisonment beyond that determined by the jury or prescribed by statute as punishment for the offense ... The imposition of an extended term ... rests on the proof of a charge beyond the offense for which the jury returned conviction. *The due process of law concomitant by which a valid criminal conviction obtains, therefore, also attends the determination of the new matter upon which a valid extension of term rests.* [emphasis added].

The procedures of § 558.021 were enacted to conform with the mandate of *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), that where the extended term punishment rests on evidence of guilt of an offense other than the felony charged and involves new determinations of fact, "due process requires those safeguards essential in a criminal prosecution." *State v. Berry,* 609 S.W.2d 948, 956 (Mo. banc 1980); *State v. Thompson,* 629 S.W.2d at 365.

The constitutional necessity for notice is met by the § 558.021.1(1) & (2) provisions that the information formally plead the intention to invoke the extended term penalty and the facts upon which that imposition rests. The due process appurtenance of proof by evidence, subject to the opportunity to cross-examine and defend is provided by § 558.021.4 and the adjudgment of persistent offender or other basis for the extended term is then articulated by findings of fact from the evidence which warrant a finding beyond a reasonable doubt that the defendant is a persistent offender. § 558.021.1(2) & (3). *State v. Davis,* 663 S.W.2d 301, 305–306 (Mo.App.1983); *State v. Thompson,* 629 S.W.2d at 365[5, 6]; *State v. Berry,* 609 S.W.2d at 954[20]. The findings must be adequate not only as an adjudication of status on which the enhancement of punishment rests, but also to enable an informed review. *Specht v. Patterson,* 386 U.S. at 610, 87 S.Ct. at 1212.

The extended term given at the guilty plea does not rest on findings of fact that warrant beyond a reasonable doubt that Scharnhorst is a persistent offender, and so

the adjudication fails that necessity of procedure due process defines and the statute imposes for such a proceeding. The basis for the extended term, therefore, remains unformulated and the enhanced punishment remains unadjudicated. The enhanced sentence must be set aside and the cause remanded to the trial court for reimposition of sentence. *State v. Thompson*, 629 S.W.2d at 369; *State v. Light*, 686 S.W.2d 538, 543 (Mo.App.1985).

The prosecution cites § 558.021.5 of the extended term procedure to argue that Scharnhorst waived proof of the facts alleged by the information as basis for the enhanced punishment, so that any error from the neglect of the trial court to enter the findings was also waived, and could have caused him no prejudice. To remand for the entry of findings on an uncontested issue, the prosecution argues, would be to insist on an empty formalism to no end. That argument slights the premise of the enactment. The efficacy of § 558.021 as a procedure to adjudicate a valid enhancement punishment does not rest in its attributes as a formal law but in the due process standard it promulgates—a standard imposed by constitutional principle and independent of any embodiment in a statute. *State v. Davis*, 663 S.W.2d at 305; *State v. Burgin*, 654 S.W.2d 627, 629–630[2–6] (Mo. App.1983).

The extended term of punishment imposed upon the plea of guilty conviction rests on evidence other than the receiving stolen property felony charged and involves new determinations of fact: that is, a persistent offender who has been convicted of two or more felonies committed at different times. The due process of law concomitant by which a valid criminal conviction obtains also attends the determinations of the new matter upon which a valid extension of terms rests. Among those concomitants is the determination of two or more prior felonies—that is, the status of persistent offender. In the absence of such an express determination, the extended term simply has not been adjudicated and may not be lawfully imposed. *Specht v. Patterson*, 386 U.S. at 610, 87 S.Ct. at 1212; *State v. Thompson*, 629 S.W.2d at 369[5, 6]; *State v. Berry*, 609 S.W.2d at 956.

The prosecution argues nevertheless that the admissions and acknowledgements made by Scharnhorst at the plea of guilty inquiry constituted a waiver of not only the proof of the prior felony convictions alleged in the information as a basis for the extended term sentence, but also of the finding of fact by the court that the persistent offender status was proven by that evidence. Indeed, § 558.021.5 enables a defendant to waive proof of the facts of prior felony convictions alleged in the information or indictment as the basis for the imposition of an extended term as to a persistent offender. Nor is there doubt that Scharnhorst intentionally relinquished the known right to insist that the prosecution prove the prior felony convictions alleged against him as the basis for the extended term. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Barnes v. State*, 752 S.W.2d 400, 403 (Mo.App.1988). The guilty plea proceeding, however, allows no intimation that Scharnhorst relinquished the due process right that the arbiter of facts find the persistent offender status beyond a reasonable doubt from the proof received by waiver and enter that adjudication. In the absence of that determination, new and distinct from the determination of guilt for the receiving stolen property charged, there is no basis for the imposition of the fifteen year punishment which extends beyond the seven year maximum the law allows on the felony charged. Accordingly, that sentence must be set aside.

Nor can the extended term be validated on the theory that Scharnhorst was not prejudiced by the absence of the findings of prior convictions and, hence, persistent offender, or that the findings were "implicitly" found by the imposition of the extended term. It is not a matter of prejudice or not that bears on the validity of the enhanced sentence, but that the extended term simply remains unadjudicated. That is the principle our supreme court en banc lays down in *State v. Thompson*, 629 S.W.2d 361 (Mo.App.1981), *approved* 629

S.W.2d 369 (Mo. banc 1981) and *State v.* *Berry,* 609 S.W.2d 948 (Mo. banc 1980).[4]

4. *See also* among others, *Eakins v. State,* 734 S.W.2d 290 (Mo.App.1987); *State v. Galvan,* 725 S.W.2d 97 (Mo.App.1987); *Brady v. State,* 685 S.W.2d 239 (Mo.App.1985); *State v. Hunt,* 683 S.W.2d 271 (Mo.App.1984) and *State v. Moore,* 633 S.W.2d 140 (Mo.App.1982).

The dissent cites one decision of the supreme court en banc, *State v. Kilgore,* 771 S.W.2d 57 (Mo. banc 1989), and two decisions of this court, *State v. Williams,* 728 S.W.2d 690 (Mo. App.1987) and *State v. Richardson,* 719 S.W.2d 884 (Mo.App.1986), ostensibly for the principle that the failure to make findings that the defendant is a persistent offender "is a procedural defect rather than a substantive error," and so requires a showing of prejudice before resentencing may be ordered.

In *Kilgore* the question before the supreme court en banc was not as to a necessity of procedure due process defines and the statute imposes for a valid adjudication—as in the determination of the persistent offender status to support an enhanced punishment under § 558.021. Rather, in *Kilgore* the question was whether a lapse of procedure in the order of trial to determine prior offender status warranted reversal. *Kilgore* was charged with first degree murder and two other felonies. He moved to sever the offenses, but the court denied the request. Section 565.004.3, RSMo 1986, allows a defendant to be tried jointly for first degree murder and other offenses if he was charged and proven *before* trial to be a prior offender under chapter 558. That proof was conducted *after* the trial commenced, and the defendant assigned that irregularity in procedure as a cause for reversal. *Kilgore* responded, quite simply, that such a procedural error in a prior offender hearing does not warrant reversal unless the defendant shows prejudice. The dissent transposes this circumspect declaration into a putative principle that any irregularity in the procedures to adjudicate extended terms under § 558.021—even the requirement that the court make findings of fact that warrant finding beyond a reasonable doubt that the defendant is a persistent offender—is harmless unless prejudice proven. *Kilgore* cannot be understood to expound any such doctrine. As we explain in *State v. Thompson,* 629 S.W.2d 361 (Mo.App. 1981), approved 629 S.W.2d 369 (Mo. banc 1982), at 365[5, 6], the power § 558.016 confers to enhance punishment beyond that determined by a jury or prescribed by statute for punishment of the offense rests on proof of a charge beyond the offense for which the jury returns conviction and so the due process of law concomitant by which a valid criminal conviction obtains must also attend the determination of the new matter upon which a valid extension of term rests. One of those concomitants of due process is findings of fact beyond a reasonable doubt that the defendant is a persistent offender. The place during the trial when that evidence is received is not one of those concomitants of due process which attend the enhanced punishment adjudication. The lapse in the findings of fact results in an enhanced punishment status still unadjudicated, and so renders invalid, as a matter of due process, the imposition of an extended term. The prejudice inheres in the illegal sentence. A neglect to heed the order during the trial the statute prescribes for the reception of that proof, although a breach of procedure, does not infringe any festoon of due process, and so will not invalidate the adjudication in the absence of prejudice proven. *Kilgore,* in any event, treats with a *prior* offender adjudication. As we explain with this parenthesis, a *prior* offender is not subject to an enhanced term, but only to the prerogative of the court, rather than the jury, to impose the punishment *within the limits* prescribed for the offense. *Kilgore* is altogether irrelevant to any purpose of the dissent.

In *Williams* the court expressly found the previous convictions to sustain both the prior and persistent offender status. The complaint on appeal was that the findings were not sufficiently specific to satisfy a finding of persistent offender under § 558.021.1(3), and hence the sentences should be vacated and the cause remanded for findings and resentencing. *Williams* responded [at 693] that at least one prior offense was sufficiently found by the court, and since the sentence imposed was within the range prescribed by statute for that offense unenhanced by an extended term, the defendant could show no prejudice from any want of compliance with the statute in the expression of the finding upon which the prior offender sentence rested. Whether the adjudication of persistent offender was sufficiently made, therefore, was irrelevant since no extended term was imposed and the defendant was sentenced according to the statutory term for the offense charged.

*Williams* holds that in cases of *prior offender* adjudications an irregularity in the articulation of the finding of fact on which adjudication of such a status rests does not *ipso facto* require a remand of the proceedings for the entry of a regular finding of fact. This holding rests on the rationale that any imposition of sentence because of *prior offender* must fall within the term prescribed by the statute and hence does not constitute an enhancement of punishment. *Id.* at 693. *See* § 558.016.1, RSMo 1986. The *prior offender* design, as was the scheme of superseded Habitual Criminal Act § 556.280(2), merely transposes the duty to sentence from the jury to the judge—but only within the limits permitted by law for that offense. There is no enhancement of punishment allowable as to a *prior offender,* and hence no due process concomitants attach other than those which attend the trial of the offense itself. Thus, only prejudice from an irregularity in the *prior offender* adjudication entitles a defendant to vacation of sentence and remand for specific finding and resentence. In the case of *persistent and dan-*

Nor can notions of implicit finding avail. That dispensation known to the practices under the superseded Habitual Criminal Act [§ 556.280(2),] that the neglect of the judge to enter specific findings did not invalidate the enhanced sentence, rested on the notion that the Act merely transposed the duty to sentence from the jury to the judge—but only within the limits permitted by law for that offense. The persistent offender statute, rather, extends the punishment beyond that otherwise imposable by law for the offense, and hence the basis for enhancement must be adjudged anew and separately. *State v. Thompson,* 629 S.W.2d at 368.

Accordingly, the order of the Rule 27.26 court to deny the vacation of sentence and remand for reimposition of sentence erroneously applied the law and is reversed. *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

The final point on appeal contends that the Rule 27.26 order was clearly erroneous in the denial of the motion to set aside the conviction on the ground of ineffectiveness of counsel. Scharnhorst claims that his counsel did not inform him that an element of the offense required the prosecution to prove that the value of the property was $150 or more. He claims ineffectiveness also because counsel failed to investigate the value of the property in question and to

produce evidence, readily available, that its value was in fact under $150.

A plea of guilty is more than a confession which admits the conduct of the criminal offense; it is a conviction, and nothing remains but to give judgment and impose punishment. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). If the plea of guilty is not voluntary and knowing, it constitutes a violation of due process and is void. A guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). *See* Rule 24.02. After a plea of guilty, allegations of ineffective assistance of counsel are relevant only to the extent that they affect the voluntariness and understanding with which the plea was entered. *Hunter v. State,* 755 S.W.2d 421, 422[1] (Mo.App.1988).

The dual test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) applies to a collateral attack on a guilty plea. Thus, a movant who undertakes to set aside the plea on the ground of ineffective assistance of counsel must show that performance of counsel fell below an objective standard of reasonableness and there is reasonable probability that, but for the errors of counsel, the defendant would not have pleaded guilty,

gerous offender, however, an enhanced punishment beyond that which the jury could impose for the offense is the consequence. Hence due process requires that the findings of fact upon which that adjudication rests be articulated specifically. § 558.021.1(3); *State v. Thompson,* 629 S.W.2d at 368. The absence of such findings, or deficient findings, constitutes a failure of due process which invalidates the sentence of enhancement because the basis for the extended term simply remains unadjudicated. Contrary to the argument of the dissent, therefore, the defendant has no burden to prove prejudice by the neglect of the court to make the requisite findings. Rather, it is a failure of due process simply because the defendant is punished for a criminal status never adjudicated. That is the sense of *Williams.*

In *Richardson,* also cited by the dissent, the defendant sought a reversal of a conviction punished to an enhanced sentence as a *persistent offender.* The complaint was that the court failed to follow the trial procedure prescribed

by § 558.021.2 that the court hear evidence on the persistent offender status of the defendant prior to submission of the offense to the jury. *Richardson* determined, consonant with established authority, that in the absence of a showing that the irregularity in the order of the trial prejudiced the defendant, reversal of the conviction was not warranted. *Id.* at 886. That issue did not involve a failure of due process. The defendant also sought remand for resentencing on the ground that the court neglected to enter the findings of fact for the status of persistent offender before the case was submitted to the jury. The status was thereafter actually found, but the defendant argued that since that inquiry was made out of the order prescribed by the statute, he was deprived "of the opportunity to show he was not the same person listed in the conviction record." *Id.* It was in that context that *Richardson* introduced the discussion of prejudice. There is no intimation in *Richardson* that, as here, findings of fact were simply never attempted.

but instead insisted on a trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). In the contest of a guilty plea, the failure of an attorney to inform the client of the relevant law satisfied the first aspect of the *Strickland* analysis, "as such an omission cannot be said to fall within 'the wide range of professionally competent assistance' demanded by the Sixth Amendment." *Id.* 106 S.Ct. at 372. To satisfy the second aspect of *Strickland*, the movant must make sufficient allegations in the motion that had he been otherwise informed by counsel, he would not have pleaded guilty but insisted on going to trial. *Id.* at 371.

■ The transcript of the guilty plea colloquy before the Rule 27.26 court, and now before us, as well as the subscribed form completed by Scharnhorst as prelude to the plea, easily allow the inference that the elements of the offense were explained to him by court and counsel and that he voluntarily and knowingly entered the plea of guilty to the charge of receiving stolen property of a value of $150 or more. The question then remains whether counsel was ineffective because he allowed Scharnhorst to plead guilty without investigation as to whether the guns were in fact worth $150 or more. The testimony at the Rule 27.26 motion was at variance as to whether counsel advised with Scharnhorst about the significance of the value of the stolen firearms. In response as to whether the value of the stolen property was discussed with the client and the significance of that value as it bore on the degree of the offense proven, counsel replied: "It seems to me like I did." Scharnhorst denied such advisement altogether. The trial court entered no specific finding, but only that the client never raised any question as to the value of the property.

We may not assume a finding of fact by implication as the basis for a Rule 27.26 review. *Mikel v. State*, 528 S.W.2d 796, 798 (Mo.App.1975). Accordingly, we assume for purpose of this appeal that counsel failed to investigate the question of the value of the stolen property and that there was evidence available that it was, in fact,

worth less than $150. To prove an involuntary plea of guilty from the ineffective performance of counsel the movant must show the "special circumstances that might support the conclusion that he placed particular emphasis [on the value of the stolen property] in deciding whether or not to plead guilty." *Hill v. Lockhart*, 474 U.S. 60, 106 S.Ct. at 371. There was no evidence of any special circumstance that induced Scharnhorst to plead guilty, other than the assessed probability of conviction on the trial and the promise of probation under the plea bargain in exchange for the admission of guilt. The conclusiveness of the proof of the value of the stolen property certainly cannot be inferred as the inducement for the plea of guilty. The post-conviction court found, rather, that Scharnhorst "never raised any question as to the value of the two firearms, which [the information] alleged to be $150 or more, with his attorney, Dennis A. Rolf, or the Court before, during or after the October 8, 1985, guilty plea until after Movant's probation was revoked."

The evidence was that counsel brought to the attention of his client that the prosecution was required to prove that the value of the stolen guns was $150 or more. It was the testimony of the attorney that the police report in the case attributed the value of $120 to each of the weapons. Counsel knew from experience that the police generally had a "good basis" for these attributions of value in the official reports and, himself, deemed them not to be "way out of line." Counsel knew that the testimony of the owner [presumably the source for the police report entries] was sufficient to prove value of the property stolen from him. Counsel also learned through the discovery process that the prosecutor was prepared to prove that the value of the weapons was $240.

Counsel testified that when he consulted with his client prior to trial, Scharnhorst "didn't think they were worth $150." Counsel advised him that the issue could be raised, but that in such event "it was very possible that [Scharnhorst] could be

charged with stealing [and] burglary,"[5] and that the value of the property stolen was irrelevant to conviction for either offense. The enhanced sentence for convictions of burglary and stealing, he cautioned the client, was up to 30 years imprisonment.[6]

The postconviction court found expressly that Scharnhorst was not denied the effective assistance of counsel and that he voluntarily and knowingly entered his plea of guilty to the information. These findings and conclusions rest on substantial evidence and are not clearly erroneous, as the narrative of the record attests. The choice to plead guilty for a sentence of 15 years and probation was, in every sense, a strategic decision. The choice to confess to the crime of the possession of stolen property—even though Scharnhorst harbored belief that proof of value essential to conviction was contestable—was concluded "after thorough investigation of law and facts relevant to plausible options." As such, it is "virtually unchallengeable" on a postconviction proceeding. *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment." *Id.* at 691, 104 S.Ct. at 2066. In this case, the record supports the conclusion that the choice to plead guilty to the offense of receiving stolen property, whatever the fallibility of the evidence of value, was not only the option Scharnhorst favored as the most lenient open to him, but also the most benign. Thus, Scharnhorst neither proved any "special circumstance" that might support the conclusion that he placed particular emphasis on the conclusiveness of the proof of the value of the property to decide

to plead guilty to the charge rather to go to trial; nor even, the fallibility of that proof assumed, that he was prejudiced by the plea of guilty under the bargain agreement. *Hill v. Lockhart*, 474 U.S. at 60, 106 S.Ct. at 371.

That point is denied.

Accordingly, the sentence of fifteen years imprisonment is set aside and the cause remanded to the circuit court for the specific findings § 558.021.1(3) directs and for reimposition of sentence.

BERREY, J., concurs.

FENNER, J., dissents in separate dissenting opinion filed.

FENNER, Judge, dissenting.

I respectfully dissent from the majority opinion wherein it holds that the appellant's enhanced sentence must be set aside and the cause remanded to the trial court for reimposition of sentence on the grounds that appellant's guilty plea did not rest on findings of fact that warrant beyond a reasonable doubt that appellant was a persistent offender.

As set forth in the majority opinion, § 558.021[1] provides in pertinent part as follows:

1. The court shall find the defendant to be a ... persistent offender, ... if

(1) The ... information ... pleads all essential facts warranting a finding that the defendant is a ... persistent offender, ... and

(2) Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a ... persistent offender, ... and

(3) The court makes findings of fact that warrant a finding beyond a reason-

---

5. The explanation given by Scharnhorst to the guilty plea court for the criminal episode was that he had obtained the two guns in exchange for a $75 debt owed him—that he merely entered the owner's home and took what was his. It was the evidence of the prosecution, however, that Scharnhorst had simply stolen the weapons by illegal entry into the residence of the owner.

6. Burglary in the second degree is a class C felony. § 569.170.2, RSMo 1986. Stealing firearms is a class C felony, regardless of the value of the property stolen. § 570.030.3(3)(d) RSMo 1986. The total authorized maximum terms of imprisonment for a persistent offender are fifteen years for each class C felony conviction. § 558.016.6(3), RSMo 1986.

1. All statutory references are to RSMo 1986.

able doubt by the court that the defendant is a ... persistent offender, ...

.    .    .    .    .

(5) The defendant may waive proof of the facts alleged.

The majority opinion holds that the appellant's extended sentence does not rest on findings of fact as required under § 558.021.1(3).

The record reflects that when appellant entered his guilty plea the sentencing court reviewed with appellant his seven prior felony convictions as specifically set forth in the information by date of conviction and nature of offense. The court then inquired if appellant was aware of the consequences of his entering a guilty plea in light of the fact that he was considered a persistent offender because of the prior convictions that had just been addressed. The court also reviewed with appellant the fact that the 15 year sentence contemplated in the plea bargain the court was asked to accept was only possible in light of the fact that appellant was a persistent offender. Appellant responded that he was aware of the consequences of his prior convictions and acknowledged he was also aware that the sentence of 15 years was only possible in light of his prior convictions.

Appellant admitted the allegations of the charge against him, which charge specifically set forth his seven prior felony convictions, and entered a plea of guilty. Upon appellant entering a plea of guilty the court continued to discuss appellant's plea with him generally discussing the facts and circumstances of the case, the sentence and the terms of probation that the court was imposing. In the course of this discussion the court stated twice that appellant had seven prior felony convictions and also twice stated that appellant's record would reflect eight felony convictions in light of his plea to the case at hand.

A defendant may waive proof of facts alleging that he is a persistent offender. § 558.021.5. By entering a plea of guilty

to the information charging him with the underlying offense and the seven prior convictions, the appellant admitted his guilt to the substantive offense and all the facts charged including the seven prior convictions. *Hurse v. State,* 527 S.W.2d 34, 36 (Mo.App.1975).

In my opinion, when a defendant admits to specific prior convictions sufficient to establish that he is a persistent offender, he waives the necessity of the court making findings to that effect as otherwise required under § 558.021.1(3). However, in the case at bar one need not even adopt that position to deny this appeal because the court did find on the record that appellant had seven prior felony convictions all of which were specifically admitted by appellant. I believe that the statement of the court that the appellant had seven prior felony convictions, subsequent to a specific review of those convictions and appellant's admission of the specific prior convictions, constitutes a finding of appellant's convictions which complies with § 558.021.1(3).

Furthermore, any lack of findings of appellant's prior convictions, under the circumstances of the case at bar, amounts to the fact that after appellant admitted to the specific prior offenses, as delineated by the court, the court accepted appellant's admission to the specific prior convictions and found him to be a persistent offender but did not reiterate the specific convictions which appellant had admitted. Any error that might be attributed to the trial court in this regard is a procedural defect rather than a substantive error resulting in prejudice to appellant. Since appellant has made no showing that he suffered any prejudice, resentencing is not required. *State v. Kilgore,* 771 S.W.2d 57, 64 (Mo. banc 1989); *State v. Williams,* 728 S.W.2d 690, 694 (Mo.App.1987); *State v. Richardson,* 719 S.W.2d 884, 886 (Mo.App.1986).