STATE of Missouri,
Plaintiff-Respondent,

v.

Christopher BOHLEN,
Defendant-Appellant.

No. 49064.

Missouri Court of Appeals,
Eastern District,
Division Six.

Aug. 20, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 3, 1985.

Frank A. Anzalone, Clayton, for defendant-appellant.

Thomas Carter, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

In *State v. Bohlen*, 670 S.W.2d 119 (Mo.App.1984) we affirmed defendant-appellant's conviction on three counts of robbery in the first degree. § 569.020 RSMo 1978. We rejected contentions of error relating to a sixth amendment claim on confrontation of witnesses and that a mistrial had been declared before the jury was permitted to deliberate the charges. There was, however, merit to a contention that the record failed to disclose a hearing and finding that defendant was a persistent offender. The question of punishment was not submitted to the jury. Accordingly, we remanded for the sole and limited purpose of resentencing based upon evidence of prior convictions. *State v. Holt*, 660 S.W.2d 735, 739 (Mo.App.1983). The question of double jeopardy was not involved because those provisions of the Fifth Amendment have been held not to apply to sentencing. *State v. Lee*, 660 S.W.2d 394, 399 (Mo.App. 1983).

In this appeal defendant claims the resentencing date after remand became the date of final judgment and Rule 30.01(a) authorizes a new appeal on the same contentions we considered in *Bohlen I* and an additional ground. Defendant now claims plain error occurred during voir dire when

the state made an indirect reference to testimony, or the lack thereof, by defendant in derogation of his rights against self-incrimination protected by federal and state constitution, statute and rule.[1] There was no objection before the trial court and this issue was not raised in the original appeal.

 If we were to reach this new issue we would reject it. The question was improper but does not necessarily draw the attention of the prospective jurors to the defendant, his testimony or its absence. *State v. Arnold,* 628 S.W.2d 665, 669 (Mo. 1982). Within the standard of plain error concerning fundamental fairness, the question did not necessarily highlight or direct the attention of the venire panel to the fact that defendant may not or did not testify. The reference in the question to "any witness" did not necessarily refer to the defendant.

 We do not reach this issue because all that remained in the case after remand in *Bohlen I* was the matter of resentencing if there was evidence from which the court could find defendant was a persistent offender.[2] Defendant cites no authority supporting his claim to a "reappeal" on matters already decided in the first appeal after a limited remand. We have found none. We apply the rule decided in civil cases that all points presented and decided in an appellate decision remain the law of the case in subsequent proceedings both in trial and appellate courts. *Brooks v. Kunz,* 637 S.W.2d 135, 138 (Mo.App.1982). To do otherwise would have the effect of granting successive direct appeals in a criminal case and that procedure has not been authorized by § 547.070 RSMo 1978.

 The right to appeal in a criminal case is purely statutory. *State ex rel. Garnholz v. LaDriere,* 299 S.W.2d 512, 515

(Mo. banc 1957). It follows that any issue not presented in the first appeal and not related to the resentencing may not be considered in an attempted second appeal providing the first appeal followed a final judgment at the time of the appeal. The decision in *Bohlen I* followed a judgment and sentencing in a criminal case and was a final judgment for purposes of appeal. Accordingly, any issues not raised on direct appeal were waived; the issues presented were decided and are binding upon defendant.

This appeal does not involve any contention of error in regard to evidence supporting a finding that defendant was a persistent offender or the imposition of sentence.

We affirm the sentencing as authorized by law.

CRIST, P.J., and PUDLOWSKI, J., concur.

---

1. The question which defendant contends was offensive was:

 MR. BARRY: Do you understand that you, as jurors, cannot force any witness to testify? Is that clear to all of you? Nor can I, nor can his Honor Judge Saitz. Do you all understand that? We take what's given. We all take what's given. You can't force, I can't

force anyone to testify. Is that clear to all of you?

2. If the state had not proven the alleged prior convictions, then a mistrial would have been in order because the jury did not determine punishment.