STATE of Missouri, Respondent,

v.

Jeffrey GALVAN, Appellant.

No. WD 39376.

Missouri Court of Appeals,
Western District.

Jan. 26, 1988.

Tim Wynes, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, J.P., and GAITAN and COVINGTON, JJ.

COVINGTON, Judge.

This is an appeal after remand. Jeffrey Galvan was convicted of possessing a controlled substance on the premises of a cor-

rectional institution, § 217.360.1(1), RSMo Supp.1984, and offering violence to a correctional institution guard, § 217.385, RSMo 1984. He was sentenced as a prior offender to seven years' imprisonment on each count, the terms to run concurrently. In Galvan's initial appeal, *State v. Galvan*, 725 S.W.2d 97 (Mo.App.1987), the sole allegation of error challenged the enhanced sentence on the ground that the trial court had failed to satisfy the procedural requirements of § 558.121, RSMo Supp.1984. Galvan's claim proved to be meritorious; the cause was remanded for the sole purpose of making requisite findings on his prior offender status and for resentencing. After entering the required findings, the trial court reimposed the sentences.

Galvan now appeals, presenting as his sole point on appeal an allegation of instructional error. Specifically, he claims that submission of the verdict director for the offense of offering violence to a correctional institution officer constituted error in that the instruction failed to define "offer to commit violence" and to require proof of a culpable mental state.

■ Defendant's claim of error has been waived. The right to appeal in a criminal case is purely statutory. *State ex rel. Garnholz v. LaDriere*, 299 S.W.2d 512, 515 (Mo. banc 1957). On appeal after remand, where the original appeal followed entry of a final judgment and where all issues presented in the original appeal were decided, the appellate court may review only those contentions related to matters decided and proceedings conducted on remand. Successive direct appeals in a criminal case are not authorized. *State v. Bohlen*, 698 S.W.2d 577, 579 (Mo.App.1985); § 547.070, RSMo 1986. The decision in *Galvan I* followed a judgment and sentencing in a criminal case and was a final judgment for purposes of appeal. This appeal does not involve any contention of error in regard to evidence supporting a finding that defendant was a persistent offender or the imposition of sentence.

If the claim of instructional error were reached, however, Galvan's contention would be rejected under *State v. Lee*, 708 S.W.2d 229 (Mo.App.1986), wherein this court held that "offer to commit violence" is a term of common understanding which need not be defined in jury instructions and further held that a culpable mental state is not required to be proved in a prosecution under § 217.385.

The judgment is affirmed.

All concur.