**STATE of Missouri, Respondent,**

v.

**Richard FORMANEK, Appellant.**

No. 56934.

Missouri Court of Appeals, Eastern District, Division One.

June 26, 1990.

Richard Formanek, Farmington, pro se.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

The appellant, Richard Formanek, *pro se*, has appealed to this court alleging that the court reporter omitted certain portions of his guilty plea proceedings when she transcribed them. Appellant pled guilty on October 10, 1985, to sodomy and was sentenced to five years imprisonment. The trial court suspended execution of this sentence and placed appellant on probation. Appellant subsequently violated his probation and the trial court executed his five year sentence. We dismiss appellant's appeal.

Apparently, the appellant was in the process of preparing his post-conviction motion and had requested the preparation of a transcript of his guilty plea hearing. Appellant was not happy with the contents of this transcript because he believed that portions of his hearing specifically indicating that he had entered an *Alford* plea were omitted. He then filed a "Petition to Correct Court Records" with the trial court. The trial court made a docket entry on June 8, 1989, which stated that the court had reviewed the transcript and found that it correctly reported the proceedings of the court. It is from this order which the appellant purports to appeal.

We have found no authority, either within the Missouri Statutes or the Missouri Rules of Court, which provide for an appeal from a circuit court's order approving the correctness of a trial transcript. The lack of such authority is dispositive of the present appeal since the right to appeal is purely statutory. *State v. Bohlen*, 698 S.W.2d 577, 579 (Mo.App., E.D.1985).

Missouri Rule 30.04(g), the provision upon which appellant attempts to base this appeal, provides, in pertinent part, that:

If there is any dispute concerning the correctness of any legal file or transcript, or if the parties fail to agree within a reasonable time as to its correctness, the legal file or transcript shall be settled and approved by the trial court.

In addition, it has been held that an appellate court, upon proper motion by the appellant, may direct the trial court to supply a material omission or correct a prejudicial misstatement in the record. *State v. Borden*, 605 S.W.2d 88, 92 (Mo. banc 1980); *State v. Morris*, 523 S.W.2d 329, 330 (Mo. App., St.L.Dist.1975). Upon becoming aware of a problem with his transcript, appellant's recourse was either to allow the circuit court to review the accuracy of the transcript or to request that the court of appeals order a change in the transcript when appellant's underlying appeal reached the appellate level. A direct appeal from the circuit court's approval of the transcript was not one of appellant's options.

Appellant, in the instant action, chose to let the trial court review the transcript and the court determined that it was accurate. If the present appeal was proper, appellant's point would surely fail. Since the transcript was approved by the trial court, we would have been bound to accept it as

written. *State v. Hughes*, 748 S.W.2d 733, 740 (Mo.App., E.D.1988).[1]

The instant appeal is dismissed.

1. We note that in *Hughes*, appellant had appealed from his murder conviction. His challenge to the transcript was not the order from which Hughes appealed.