**STATE of Missouri, Respondent,**

v.

**Sedrick WRICE, Appellant.**

No. ED 97890.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 15, 2013.

Edward Scott Thompson, Missouri Public Defender Office, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

ROBERT M. CLAYTON III, Judge.

Sedrick Wrice ("Wrice") appeals from the judgment entered upon a jury's verdict convicting him of burglary in the second degree. He asserts there was insufficient evidence to support the conviction, and the trial court erred in sentencing him as a prior and persistent offender. We affirm.

## I. BACKGROUND

Wrice was charged as a prior and persistent offender with the class C felony of burglary in the second degree. After a

trial, the jury returned a verdict of guilty. The trial court sentenced Wrice to ten years' imprisonment in the Missouri Department of Corrections. This appeal follows.

## II. DISCUSSION

On appeal, Wrice challenges the trial court's judgment in two respects. In his first point, he asserts there was insufficient evidence to establish that he knowingly unlawfully entered the building and that he acted with the intent to commit a crime. In his second point, he argues the trial court erred in sentencing him as a prior and persistent offender because the State failed to prove his prior offenses and the court failed to make its persistent-offender finding before submitting the case to the jury.

### A. Sufficiency of the Evidence

We review challenges to sufficiency of the evidence supporting a criminal conviction for whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt of all the essential elements of the crime. *State v. Gibbs*, 306 S.W.3d 178, 181 (Mo.App. E.D. 2010). We accept as true all evidence supporting the jury's verdict, including all favorable inferences therefrom, and disregard all contrary evidence and negative inferences. *Id.*

■ A person commits the class C felony of burglary in the second degree if he "knowingly enters unlawfully ... a building or inhabitable structure for the purpose of committing a crime therein." Section 569.170 RSMo (2000).[1] Intent to commit a crime is most often proved by circumstantial evidence and it may be inferred from surrounding facts or the act

itself. *See State v. Vernon*, 337 S.W.3d 88, 92 (Mo.App. W.D.2011); *State v. Green*, 812 S.W.2d 779, 789 (Mo.App. W.D.1991) (intent to commit burglary exists where defendant unlawfully enters building containing items of value).

### 1. Knowingly Unlawfully Entered the Building

■ Wrice challenges his conviction for burglary in the second degree, asserting there was insufficient evidence to establish that he knowingly unlawfully entered the building. Specifically, he argues the State's evidence that someone was engaged in stealing copper from the building and he was found near the scene was insufficient to show he entered the building unlawfully. We disagree.

Here, the evidence demonstrated that Wrice knowingly entered the building without permission. Officers Mitchell Simpher and Jennifer Story both testified that as they were driving past 5872 Minerva ("the building") in response to a 911 report of a burglary in progress, they witnessed an African–American male in a dark-colored jacket or sweatshirt pulling another African–American male in a red-colored jacket or sweatshirt out of a set of doors in the rear of the building. The officers circled the building and then detained two men behind the building. One man, later identified as Wrice, was wearing a red jacket, gloves and an illuminated headlamp. It was 3:00 p.m. on a sunny day. The other man, later identified as Earnesto McCullough ("McCullough"), was wearing a black jacket and rubber gloves and was holding bolt cutters. Both men were dirty and damp. The doors at the back of the building were open, and the locking mechanism had been cut. Inside the doors, there was a 3–6 foot drop into the boiler room. The basement area was

---

1. All further statutory references are to RSMo (2000) unless otherwise noted.

also dark and damp. The representative for the building's owner testified the building was locked and no one had permission to be inside. Based on this evidence, a reasonable jury could have determined that Wrice and McCullough had knowingly been inside the abandoned building without permission. *Gibbs*, 306 S.W.3d at 181.

### 2. Purpose to Commit a Crime

■ Wrice further asserts there was insufficient evidence to establish that he entered the building for the purpose of committing a crime therein. He contends the State's evidence that he was wearing gloves and a headlamp was not sufficient to establish purpose to commit a crime. We disagree.

The evidence showed that when they were arrested, Wrice was wearing gloves and a headlamp and McCullough was carrying bolt cutters. The officers' investigation into the building revealed a large amount of copper piping that appeared to have been pulled from the walls. As discussed above, the eyewitness and circumstantial evidence was sufficient to establish Wrice and McCullough had been inside the building. Although Wrice was not discovered to have any copper on his person, a reasonable jury could conclude that his presence inside the building where there was a sophisticated copper stripping operation in progress gave rise to the reasonable inference that Wrice and McCullough were in the building with the intent to commit a crime. *Green*, 812 S.W.2d at 789 (intent to commit burglary exists where defendant unlawfully enters building containing items of value); *State v. Vineyard*, 839 S.W.2d 686, 690–91 (Mo.App. E.D.1992) (evidence that defendant forcibly entered building and was found sleeping inside near money and cigarettes was sufficient for reasonable jury to conclude defen-

dant entered building for purpose of committing crime therein); *see also State v. Haslar*, 887 S.W.2d 610, 614 (Mo.App. W.D.1994) (to sustain burglary charge, consummation of intended crime of stealing is not necessary to establish that defendant entered building with intent to steal).

■ Wrice testified in his defense that he had not been inside the building but was just cutting through the alley when stopped by the police officers, and that he was wearing the headlamp because he put it on earlier for a construction project and had never taken it off. However, the jury was free to believe or disbelieve this testimony. *Vernon*, 337 S.W.3d at 92; *see also State v. Williams*, 313 S.W.3d 656, 660 (Mo. banc 2010). We will not act as a "super juror" but will defer to the trier of fact. *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011). On appeal, evidence and inferences supporting the verdict are taken as true and averse inferences are disregarded. *Gibbs*, 306 S.W.3d at 181.

The State's evidence was sufficient to support a conviction for burglary in the second degree, and the trial court did not err in overruling Wrice's motion for judgment of acquittal and in imposing judgment.

Point one on appeal is denied.

### B. Sentencing

In his second point on appeal, Wrice argues the trial court plainly erred in finding him to be a prior and persistent offender because the State did not formally prove any prior offenses and the court failed to make a persistent-offender finding before the case was submitted to the jury. We disagree.

### 1. Standard of Review

Wrice concedes that because he did not object to the trial court's finding he was a prior and persistent offender at trial, the issue is not preserved for appellate review. He therefore requests plain-error review under Rule 30.20. Under plain-error review, we will reverse only if a plain error affecting substantial rights results in manifest injustice or a miscarriage of justice. *State v. Floyd*, 347 S.W.3d 115, 123–24 (Mo.App. E.D.2011). We review for plain error using a two-step analysis. First, we determine whether plain error occurred, which is error that is evident, obvious, and clear. If so, we then consider whether the error resulted in manifest injustice or a miscarriage of justice. *Id.* Plain error review requires that the alleged error have a decisive effect on the jury's determination. *State v. Comte*, 141 S.W.3d 89, 94 (Mo.App. S.D.2004).

### 2. Persistent Offender Status

A trial court may sentence a defendant to an enhanced sentence if the defendant is found to be a persistent offender, meaning one who has pleaded guilty to or been found guilty of two or more felonies committed at different times. Section 558.016.1, .3, .7 RSMo (Cum.Supp. 2005). To sentence a defendant to an enhanced term of imprisonment as a persistent offender, Section 558.021.2 requires that all the facts necessary to prove persistent-offender status be pleaded, proven, and found prior to submission of the case to a jury. *See State v. Teer*, 275 S.W.3d 258, 261 (Mo. banc 2009) (Section 558.021 "imposes a mandate" that prior offender status shall be pleaded and proven before submission to jury).

Here, the indictment pleaded Wrice was a prior and persistent offender based on his 1995 conviction for felony possession of a controlled substance and 1981 conviction for felony second-degree burglary. Wrice testified at trial and admitted he had pleaded guilty to burglary second in 1981, to possession of a controlled substance in 1995, and to assault and property damage in 2009. He testified that he pleaded guilty to those crimes "because [he] did them." A trial court may properly rely on a defendant's admission in court of prior convictions "for purposes of enhancement of punishment notwithstanding the absence of evidence that the defendant was represented by counsel at the trial for those offenses." *State v. Johnson*, 837 S.W.2d 39, 41 (Mo.App. W.D.1992); *see also State v. Page*, 309 S.W.3d 368, 373–74 (Mo.App. E.D.2010).

Wrice asserts on appeal that the trial court failed to make the prior and persistent finding before submitting the case to the jury as is required by Section 588.021. The State, however, suggests it is not clear from the record when the trial court made its prior-and-persistent finding. We agree that the record lacks specificity regarding when exactly the court made its finding; moreover, Wrice did not object at trial to the allegedly late finding. The trial court sentenced defendant as a prior and persistent offender to an enhanced term of ten years imprisonment. Despite his failure to object at trial, Wrice now asserts it was error for him to be sentenced as a persistent offender and he was prejudiced by this error because he received an enhanced sentence that was higher than the statutory maximum of seven years. Section 558.011.1(3) RSMo (Cum.Supp.2003) (standard range of punishment for class C felony is term of years not to exceed seven years).

Whether or not he was prejudiced, his argument cannot survive a plain-error analysis. "Plain error and prejudicial error are not synonymous terms." *Comte*, 141 S.W.3d at 93–94. A defendant asserting plain error faces a much greater

burden than one asserting prejudicial error. *Id.* at 94. To show plain error, an appellant must demonstrate the trial court's error so substantially violated his rights that manifest injustice or a miscarriage of justice would result if the error were allowed to remain. *Id.* We see no such manifest injustice here.

Here, Wrice was aware he was charged as a prior and persistent offender. Wrice admitted on the stand that he had three prior felony convictions. The trial court did not instruct the jury to determine a sentence for Wrice, and Wrice did not object to the court's failure to give this instruction. Under these facts, Wrice had sufficient notice that he would be sentenced by the trial court as a persistent offender and cannot now declare it a manifest injustice that he was so sentenced.

We distinguish the facts of this case from those in *Teer*, 275 S.W.3d 258, in which the Missouri Supreme Court reversed the defendant's sentence, finding that the defendant's status as a prior and persistent offender had neither been pleaded nor proved before submission to the jury. *Id.* at 262. In *Teer*, the trial court granted the State leave to amend the information to charge Teer as a prior offender after the case was submitted to the jury. *Id.* at 260. The State likewise did not prove Teer's status as a prior offender until after the case was submitted to the jury. *Id.* at 262. In *Teer*, unlike the present case, the defendant had no notice that he would be sentenced by the judge as a prior and persistent offender; rather, when the jury was released to deliberate, it was given instructions to recommend a sentence. *Id.* at 263 (J. Fischer, concurring). The jury recommended a sentence of four years in county jail, but the trial court ultimately imposed a sentence of twenty years in the Missouri Department of Corrections. *Id.* at 262.

Unlike in *Teer*, in the present case, Wrice had notice of the State's intentions to seek an enhanced sentence through its pleading, and he admitted sufficient facts to support the finding. As we noted above, it is unclear, from the transcript and from Wrice's failure to object, whether the court made its persistent-offender finding before or after submission of the case to the jury, but regardless, the jury was never given the responsibility to recommend a sentence.

Although the trial court's allegedly late finding may not have complied with the strict language of Section 588.021, it did not result in manifest injustice or a miscarriage of justice, and thus the trial court did not plainly err in sentencing Wrice as a persistent offender.

Point two on appeal is denied.

### III. CONCLUSION

The judgment and sentence are affirmed.

GARY M. GAERTNER, JR., C.J. and ELLEN LEVY SIWAK, Sp.J., concur.