

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,  )
  )
  Respondent,  )
  )
  vs.  )  No. SD35487
  )  Filed: May 10, 2019
GARY D. MORTON,  )
  )
  Appellant.  )

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Kenneth M. Hayden, Circuit Judge

## REVERSED AND REMANDED WITH DIRECTIONS

Gary D. Morton ("Morton") was convicted, after a bench trial, of the class A felony of child molestation (Count 2),[1] pursuant to section 566.067.[2] In his point on appeal, Morton asserts the trial court erred in overruling his motions for judgment of acquittal because there was no substantial evidence that "two or more persons" committed the acts charged as required by section 556.061(26).[3] Finding merit to Morton's point, we reverse the judgment of the trial court as to the conviction and sentence in Count 2, and remand with directions.

---

[1] Morton was also charged, convicted, and sentenced for the unclassified felony of statutory sodomy in the first degree (Count 1), and the class B felony of child molestation, (Count 3). However, those convictions and sentences are not challenged in this appeal.

[2] All references to section 566.067, will be to RSMo Cum.Supp. (2006), unless otherwise indicated.

[3] Section 556.061(26) provides the definition for "ritual" or "ceremony," which is an element of the class A felony of child molestation in the first degree, pursuant to section 566.067. All references to section 556.061(26) are to RSMo Cum.Supp. (2013).

**Factual and Procedural Background**

Morton sexually abused a 13-year-old child ("Victim") for almost a year. Morton would come into Victim's bedroom "every morning" before school, and make Victim come to his bedroom almost every afternoon after school, whereupon he would abuse Victim.

On February 9, 2015, Victim reported the sexual abuse. Morton was charged by information with the class A felony of child molestation in the first degree (Count 2), pursuant to section 566.067, in that Morton "knowingly subjected [Victim,] who was less than fourteen years old to sexual contact by touching her breasts with his hand, and [Morton] committed this offense as a part of a ritual or ceremony in that it was part of an established or prescribed pattern or activity."

Morton waived his right to a jury trial, and a bench trial was held on December 19, 2017. Victim and Morton both testified.

After the State rested, Morton filed a motion for judgment of acquittal. In opposition to the motion, the prosecutor argued that Morton touched Victim in a sexual manner "every day, waking her up in such [sic] that it was an established pattern or routine as required by the statutory language[.]" The trial court subsequently denied the motion for judgment of acquittal.

At the close of all evidence, Morton again filed a motion for judgment of acquittal. The trial court stated that it would take the motion "with the case." The trial court later denied Morton's motion for judgment of acquittal at the close of all the evidence and specifically found that

> with regard to Count 2 that that conduct committed by the defendant was a part of a ritual or ceremony . . . in that it was part of an established or described pattern of activity. The evidence was that this was something that happened on a regular basis, basically at the same time of day, and it clearly was a pattern of conduct, it was a habit, a routine of the defendant to engage in that sexual contact with [Victim] on a regular and routine basis[.]

The trial court found Morton guilty as charged. The trial court subsequently sentenced Morton to 20 years in prison for the class A felony of child molestation in the first degree (Count 2).[4]

In Morton's motion for a new trial, he asserted that there was "insufficient evidence to convict [him] on Count [2]," including the element "that [he] committed this offense as part of a ritual or ceremony[.]" The trial court denied the motion. This appeal followed.

In a single point on appeal, Morton asserts that the trial court erred in overruling his motions for judgment of acquittal because there was insufficient evidence that he exposed Victim to sexual contact "as part of a ritual or ceremony" as "there was no evidence that this act was performed by anyone other than [himself,] . . . and the statutory definition of 'ritual or ceremony' requires the act in question to be performed by 'two or more persons.'"

**Standard of Review**

> The standard of review in a court-tried case is the same as in a jury-tried case. In determining whether there is sufficient evidence to support the conviction, this court accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the finding. All contrary evidence and inferences are ignored.

***State v. McKinney***, 253 S.W.3d 110, 113 (Mo.App. W.D. 2008).


**Analysis**

The posture of the arguments before us is peculiar, to say the least. Seeking to overturn his conviction of the class A felony of child molestation in the first degree, Morton (the only person charged in connection with the matters at issue) argues that ***he alone*** committed child molestation against Victim. To protect the conviction, the State finds itself in the uncomfortable position of arguing that Victim "performed" (with Morton) an "act or series of acts" of child molestation

---

[4] The sentence in Count 2 was to run concurrently to Morton's other sentences imposed for Counts 1 and 3.

*against herself* "as part of an established pattern of activity." As the State would have it, "rather than serving as a mere audience to [Morton]'s act of molestation, Victim [] was intimately involved in the performance of the act."

These bizarre developments derive from Morton's conviction of the class A felony of child molestation in the first degree, "committed as part of a ritual or ceremony," as set forth in section 566.067:

> 1. A person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact.
>
> 2. Child molestation in the first degree is a class B felony unless:
>
> (1) The actor has previously been convicted of an offense under this chapter or in the course thereof the actor inflicts serious physical injury, displays a deadly weapon or deadly instrument in a threatening manner, or **the offense is committed as part of a ritual or ceremony, in which case the crime is a class A felony**[.]

(Emphasis added). Pursuant to the aggregate definition offered by section 566.061(26), "'[r]itual' or 'ceremony' means an act or series of acts **performed by two or more persons** as part of an established or prescribed pattern of activity." (Emphasis added).

In the instant case, the "established or prescribed pattern of activity[]" was described by the State in response to Morton's motion for judgment of acquittal at the close of the State's evidence: "[Morton] touched [Victim's] breasts, that he did it every day, waking her up in such [sic] that it was an established pattern or routine as required by the statutory language[.]" In announcing its findings, the trial court stated:

> I . . . find with regard to Count 2 that that conduct committed by the defendant was a part of a ritual or ceremony and that it was part -- it was part of a ritual or ceremony in that it was part of an established or described pattern of activity. The evidence was that this was something that happened on a regular basis, basically at the same time of day, and it clearly was a pattern of conduct, it was a habit, a routine of the defendant to engage in that sexual conduct with [Victim] on a regular and routine basis, so I am finding the defendant guilty beyond a reasonable doubt as to Count 2.

4

As to an "established or prescribed pattern of activity," pursuant to section 556.061(26), we cannot disagree with the argument of the prosecutor or the analysis of the trial court. Even Morton concedes that the evidence adduced was sufficient to demonstrate an established or prescribed pattern of activity *by Morton*.[5]

However, Morton challenges that the evidence adduced at trial was insufficient to demonstrate that: (1) *two* or more people *performed* an act or a series of acts as part of an established or prescribed pattern of activity, and that (2) child molestation in the first degree was committed by Morton as "part" of the multi-person performance of that established or proscribed pattern of activity.

The State puts forward the following argument:

> [Morton]'s claim that there was insufficient evidence of a ritual or ceremony because the evidence showed that he was alone in performing the charged act overlooks Victim['s] role in the act. There is no question that Victim[] was present with [Morton] during the charged act. Moreover, rather than serving as a mere audience to [Morton]'s act of molestation, Victim[] was intimately involved in the performance of the act. Indeed, she played a necessary part; [Morton] would have been incapable of committing the act of child molestation alone.

(internal citations to the record omitted).

We are not persuaded by this line of reasoning. The class B felony of child molestation in the first degree requires only a showing that defendant "*subject[ed] another person* who is less than fourteen years of age to sexual contact[.]" The class A felony of child molestation in the first degree, "committed as part of a ritual or ceremony," requires all the elements as the class B felony

---

[5] The "ritual or ceremony" contemplated by section 556.067—and defined in section 556.061(26)—does not require evidence of "participation in some religious or sectarian group which have as part of their beliefs particular rituals or ceremonies." *McKinney*, 253 S.W.3d at 113. Rather, non-religious and non-sectarian entities are "certainly capable of creating their own rituals." *Id.* at 114. In *McKinney*, the Western District of this court upheld a defendant's conviction under the instant statutes on the basis that defendant's abuse of victim was "predictable and established," such that victim "at his young age knew what to expect and dreaded it." *Id.* Unlike the matter presently before this court, the defendant in *McKinney* (victim's mother) collaborated with victim's stepfather to effect the predictable and established system of abuse. *Id.* at 112.

(including that defendant "***subject[ed] another person***" to sexual contact),[6] with the additional requirements that defendant committed the elements of the class B felony as "part" of "an established or prescribed pattern of activity" that was "performed by two or more persons."[7]

The language of sections 566.067 and 556.061(26) allow that the "ritual or ceremony" requirement can be met where the corpus of the ritual or ceremony is abuse—but, section 556.061(26) requires proof that such abuse was performed by two people, and the victim does not count toward that number in such circumstances. A victim in this context does not "***perform[]***"[8] his or her own exposure to sexual contact—rather a victim is "***subject[ed]***"[9] to sexual contact, as section 566.067 explicitly indicates.[10]

The State prudently hedges its bets at the tail-end of its argument, suggesting that if this Court

> finds that there was insufficient evidence of a ritual or ceremony under section 566.067.2(1), [we] should remand the case with instructions [for the trial court] to enter judgment reflecting a conviction for the lesser offense of the class B felony of child molestation in the first degree under section 566.067 and [instruct the trial court] to resentence accordingly.

Morton challenges only the sufficiency of the evidence as to the "ritual or ceremony" requirement of the class A felony of child molestation, and not the underlying class B felony of child molestation in the first degree (sufficient facts for which the trial court necessarily found in accord

---

[6] Section 566.067.

[7] Section 566.061(26).

[8] Section 556.061(26).

[9] Sections 556.061(26) and 566.067 do not require, contemplate, or invite evidentiary development as to the nature or extent of a victim's volitional participation in his or her own victimization, such as the State presumed sufficient to meet the elements of "ritual or ceremony." Such considerations are not elements of the class A felony of child molestation in the first degree pursuant to those sections.

[10] *See **State v. White***, SD34769, 2019 WL 1486873, at *4 (Mo.App. S.D. Apr. 4, 2019) ("[N]o reasonable person of ordinary intelligence would read the words 'a participant' in the phrase 'a participant in the crime' as including the *victim* of a crime.") (emphasis in original).

6

with its original determination). As such, we find the State's argument (at least in this particular) persuasive. *See* ***State v. Luster***, 544 S.W.3d 263, 266 (Mo.App. W.D. 2017) ("Where a conviction is reversed on appeal for a reason that would not affect a lesser-included offense, the appellate court may remand the case for entry of a conviction on the lesser-included offense.").

We reverse Morton's conviction for the class A felony of child molestation in the first degree "committed as part of a ritual or ceremony," and remand with direction that the trial court enter a conviction for the lesser-included offense of the class B felony of child molestation in the first degree, pursuant to section 566.067, and to proceed with sentencing accordingly.[11]

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - CONCURS

MARY W. SHEFFIELD, J. - CONCURS

---

[11] Explicitly, we make no ruling on whether the trial court is to impose this sentence consecutively or concurrently to Morton's other two sentences imposed in Counts 1 and 3.