

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD36439 |
| | ) | Filed: January 25, 2021 |
| GARY D. MORTON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Kenneth M. Hayden, Circuit Judge

**<u>AFFIRMED</u>**

Gary Morton (Defendant) appeals from an amended judgment entered after resentencing by the trial court pursuant to the mandate issued by this Court in Defendant's first appeal. Defendant presents a single point raising alleged trial court error that preceded the entry of the original judgment. For the reasons set forth below, the law of the case doctrine precludes us from addressing the merits of Defendant's point.

In July 2015, Defendant was charged by information with committing the following offenses: Count 1 – the unclassified felony of statutory sodomy in the first degree, in violation of § 566.062; Count 2 – the class A felony of child molestation in the first degree, in violation of § 566.067; and Count 3 – the class B felony of child molestation in the first

degree, in violation of § 566.067.[1]  After a bench trial, Defendant was found guilty on all counts.  The trial court imposed concurrent 15-year sentences for Counts 1 and 3, and a concurrent 20-year sentence for Count 2.

In Defendant's direct appeal, he challenged only the sufficiency of the evidence to support his conviction on Count 2 for the class A felony of child molestation in the first degree.  *See* ***State v. Morton***, 574 S.W.3d 788, 790 (Mo. App. 2019).  This Court found merit in Defendant's point.  ***Id***.  Therefore, we reversed the trial court's judgment only as to the Count 2 conviction and sentence.  ***Id***. at 793.  Our mandate issued on May 30, 2019.  In the mandate, we remanded the case with directions for the trial court "to enter a conviction for the lesser-included offense of class B felony child molestation in the first degree and to proceed with sentencing accordingly, all consistent with the opinion of the Court herein delivered."

The trial court complied with the mandate via an amended judgment entered on November 7, 2019.  On Count 2, Defendant was convicted of the lesser-included offense of the class B felony of first-degree child molestation, in violation of § 566.067, and given a concurrent 15-year sentence.

Defendant has appealed from the amended judgment.  His single point relied on contends the trial court erred:

> by trying the case to verdict because it abandoned its role as arbiter of due process in a fair trial, in that it witnessed the complete breakdown of the adversarial process and thereby violated [D]efendant's fundamental rights to due process, a fair trial, and right to counsel as guaranteed by [the] United States Constitution and the Constitution of the State of Missouri.

---

[1]  All references to statutes are to RSMo Cum. Supp. (2013).

The State argues that this Court's prior decision in Defendant's first appeal is the law of the case and precludes relitigation of issues that could have been raised in that appeal. We agree.

Our prior opinion disposed of all issues of trial court error raised in the first appeal. We remanded the case so that the trial court could enter the proper lesser-included offense conviction on Count 2 and resentence Defendant. The trial court followed the directions in our mandate. Defendant does not contend otherwise in this appeal. His attempt to relitigate alleged trial court error that preceded his resentencing is barred by the law of the case doctrine.

*State v. Bohlen*, 698 S.W.2d 577 (Mo. App. 1985) (*Bohlen II*), is directly on point. There, the case was remanded by the eastern district of this Court "for the sole and limited purpose of resentencing based upon evidence of prior convictions." *Id*. at 578. After resentencing, the defendant appealed again and raised issues of alleged trial court error that preceded resentencing. The eastern district declined to address the merits of the defendant's argument:

> We do not reach this issue because all that remained in the case after remand in *Bohlen I* was the matter of resentencing if there was evidence from which the court could find defendant was a persistent offender. Defendant cites no authority supporting his claim to a "reappeal" on matters already decided in the first appeal after a limited remand. We have found none. We apply the rule decided in civil cases that all points presented and decided in an appellate decision remain the law of the case in subsequent proceedings both in trial and appellate courts. To do otherwise would have the effect of granting successive direct appeals in a criminal case and that procedure has not been authorized by § 547.070 RSMo 1978. The right to appeal in a criminal case is purely statutory. It follows that any issue not presented in the first appeal and not related to the resentencing may not be considered in an attempted second appeal providing the first appeal followed a final judgment at the time of the appeal. The decision in *Bohlen I* followed a judgment and sentencing in a criminal case and was a final judgment for purposes of appeal. Accordingly, any issues not raised on direct appeal

3

were waived; the issues presented were decided and are binding upon defendant.

*Id*. at 579 (case citations and footnote omitted). Our Supreme Court cited **Bohlen II** with approval in *State v. Graham*, 13 S.W.3d 290 (Mo. banc 2000):

> "[T]he decision of a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not." *Shahan v. Shahan,* 988 S.W.2d 529, 533 (Mo. banc 1999). The law of the case doctrine prevents successive direct appeals not authorized by statute. *State v. Bohlen,* 698 S.W.2d 577, 579 (Mo. App. 1985).

*Graham*, 13 S.W.3d at 293. The holdings in *Graham* and *Bohlen II* are consistent with the well-recognized principle that, when "a case on direct appeal is remanded for resentencing, a defendant is entitled to have the new judgment reviewed to determine whether the judgment entered by the trial court is in conformity with our mandate." *State v. Olney*, 987 S.W.2d 466, 468 (Mo. App. 1999); *see also State v. Galvan*, 744 S.W.2d 510, 511 (Mo. App. 1988) (after resentencing, an appellate court "may review only those contentions related to matters decided and proceedings conducted on remand").

In this second appeal, Defendant does not contend that the trial court failed to follow this Court's mandate in resentencing Defendant on Count 2. Instead, Defendant asks this Court to review alleged trial court error that occurred prior to the first appeal, but was not raised in that proceeding. The law of the case doctrine precludes us from doing so. Accordingly, Defendant's point is denied, and the amended judgment is affirmed.


JEFFREY W. BATES, C.J./P.J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR

4