

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112469 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable John N. Borbonus |
| RYAN JOHNSTON, | ) | |
| | ) | |
| Appellant. | ) | FILED: August 27, 2024 |

## Introduction

Ryan Johnston ("Johnston") appeals from the trial court's sentencing following jury convictions on six counts of the misdemeanor offense of second-degree child endangerment. In his sole point on appeal, Johnston contends the trial court erred in denying him jury sentencing under Section 557.036.4(2)[1] because it failed to make a finding that he was a prior offender before submitting the case to the jury, as required by Section 558.021.2. Although the trial court erred by misapplying Section 558.021, Johnston has not met his burden of proving that he was prejudiced as a result of the trial court's error. Accordingly, we affirm the trial court's judgment.

## Factual and Procedural History

The State charged Johnston with six counts of endangering the welfare of a child in the first degree and two counts of possession of a controlled substance. The Amended Information

---

[1] All Section references are to RSMo (2016), unless otherwise indicated.

alleged Johnston knowingly acted in a manner that created a substantial risk to the children's lives, bodies, and/or health by maintaining an environment in which the children had access to methamphetamine and/or cocaine. The Amended Information alleged that Johnston was a prior and persistent offender in that he pleaded guilty to two of more felonies, which the State identified by case number. Attached to the Amended Information, the State submitted a proposed finding of fact for Johnston's status as a prior and persistent offender pursuant to Section 558.021. The case proceeded to a jury trial.

Immediately after the case was submitted to the jury, Johnston's counsel advised the trial court that he would be seeking jury sentencing because the State did not prove that Johnston was a prior and persistent offender and, furthermore, the trial court did not make a finding of Johnston's prior-offender status before submitting the case to the jury. Johnston's counsel explained that Johnston did not waive jury sentencing and that he was not obligated to address this omission with the court any earlier. Johnston's counsel opined that the jury would not sentence Johnston to more than thirty days to six months and that "[j]udges typically send people to prison; in my experience juries never do." The trial court noted that Johnston admitted his prior offenses under oath[2] and that the trial court was now making the finding of his prior-and-persistent offender status. The trial court denied jury sentencing under Section 557.036.4(2) after ruling that Section 558.021 did not require it to make a finding of prior-and-persistent offender status beyond a reasonable doubt before submission of the case to the jury.

The jury acquitted Johnston on the felony charges and instead found Johnston guilty on six counts of the lesser-included offense of second-degree child endangerment. After the verdict was rendered, Johnston renewed his objection to court sentencing, which was overruled.

---

[2] Neither Johnston nor the State provided the portion of the trial transcript relevant to confirming the trial court's interpretation of the testimonial record.

2

The trial court held a sentencing hearing, at which the trial court sentenced Johnston to concurrent terms of one year in the Department of Justice Services ("DJS") on each of the six misdemeanor offenses. One year represented the maximum sentence on the misdemeanor offense. The trial court then suspended execution of the sentences ("SES") and placed Johnston on two years of probation. The trial court denied Johnston's motion for new trial following a hearing. This appeal follows.

## Point on Appeal

In his sole point on appeal, Johnston argues the trial court erred in overruling his motion for jury sentencing because the State failed to prove—and the trial court failed to find—that Johnston was a prior offender[3] pursuant to Section 558.021, which requires the trial court to make findings of fact as to the defendant's offender status before the case is submitted to the jury. Consequently, the trial court deprived Johnston of his statutory right to jury sentencing under Section 557.036 because he neither waived jury sentencing nor did the State prove his prior-offender status. Johnston was therefore prejudiced because the trial court sentenced him to one year in the county jail, which is the maximum sentence authorized for his offenses.

## Standard of Review

An allegation of statutory sentencing error is reviewed de novo as an issue of statutory construction. State v. Winters, 623 S.W.3d 746, 751 (Mo. App. W.D. 2021) (internal citation omitted). "Procedural errors in prior offender hearings require reversal only if the defendant is shown to have been prejudiced." State v. Teer, 275 S.W.3d 258, 260 (Mo. banc 2009) (internal citation omitted).

---

[3] Johnston focuses solely on his alleged status as a prior offender rather than a prior and persistent offender because his misdemeanor convictions are not eligible for the persistent-offender enhancement under Section 558.016.7.

Discussion

A defendant is not entitled to jury sentencing if the State pleads and proves the defendant is a prior offender. Section 557.036.4(2); State v. Emery, 95 S.W.3d 98, 100 (Mo. banc 2000). Here, Johnston maintains he was entitled to jury sentencing due to the trial court's failure to make the requisite Section 558.021.2 finding of his prior-offender status on the record before his case was submitted to the jury.

The State concedes that the trial court erred by failing to make a finding of fact as to Johnston's prior-offender status before the submission of the case to the jury, as required by Section 558.021.2.[4] As the State acknowledges, the Supreme Court of Missouri favors rigidly interpreting the plain language of Section 558.021.2. Teer, 275 S.W.3d at 261 ("The plain language of [S]ection 558.021.2 imposes a mandate requiring that prior offender status be pleaded and proven prior to the case being submitted to the jury."). The State recognizes it had the burden to direct the trial court's attention to the fact that, prior to submission to the jury, the trial court had not yet ruled on its proposed order to find beyond a reasonable doubt that Johnston was a prior offender.[5] Nevertheless, the State posits Johnston can show no demonstrable prejudice, and thus the trial court's error was harmless. We agree.

Johnston reasons that he proved the requisite prejudice because the trial court sentenced him to the maximum sentence before granting SES and placing him on probation. Johnston

---

[4] "In a jury trial, the facts shall be pleaded, established and found prior to submission to the jury outside of its hearing, except the facts required by subdivision (1) of subsection 4 of section 558.016 may be established and found at a later time, but prior to sentencing, and may be established by judicial notice of prior testimony before the jury." Section 558.021.2.

[5] As the parties denote in their briefs, the State alleged Johnston was a prior *and persistent* offender. However, Johnston was found guilty only on misdemeanor offenses and therefore was not subject to enhanced sentencing as a persistent offender. The parties thus focus only on Johnston's status as a prior offender for purposes of denying jury sentencing. See Section 558.016.7 ("The court shall sentence a person, who has been found to be a persistent offender or a dangerous offender, and is found guilty of a class B, C, D, or E felony to the authorized term of imprisonment for the offense that is one class higher than the offense for which the person is found guilty.").

asserts that juries always give minimal sentences, whereas courts always impose maximum sentences. Johnston contends that because the trial court sentenced him to the maximum sentence allowable on all six of the lesser-included misdemeanor offenses, *any* jury sentence would necessarily have been better or, at worst, identical to the court-imposed sentence.

Johnston's prejudice argument is purely speculative. Johnston boldly claims that juries always give minimal sentences, while courts give maximum sentences. Johnston does not support this assertion with any studies or statistics. Rather, Johnston suggests that "this Court can surely arrange to review all of the previously published opinions . . . and it can compare in those cases the sentences given by the jury and those given by the judge." We remind Johnston that, as the appellant, he bears the burden to prove the trial court committed prejudicial error. See id. at 260; see also Pearson v. Keystone Temp. Assignment Grp., Inc., 588 S.W.3d 546, 550, 552 (Mo. App. E.D. 2019) (internal citations omitted) (noting that an appellant must include facts relevant to the issues to be determined by the appellate court and that the appellate court's function is to examine asserted error, not to serve as an advocate for any party on appeal). We recognize that at the hearing on his motion for new trial, Johnston attempted to support his assertion—that juries always give minimal sentences while courts always give maximum sentences—by relating his professional litigation experience and by presenting a selection of cases contrasting court and jury sentencing for similar offenses. While passionately argued, Johnston's selective sampling is not a substitute for reviewable evidentiary findings.

The key authority on which Johnston relies for remand is State v. Galvan, 725 S.W.2d 97 (Mo. App. W.D. 1987) (per curiam). There, under prior versions of the relevant statutes, the trial court failed to make the requisite statutory finding as to the defendant's prior-offender status before sentencing. Id. at 98. On appeal, however, the defendant challenged only *the sentencing*

*enhancement* occasioned by his offender status under the then-current sentencing statute. In Galvan, the defendant did not challenge the trial court's imposition of sentence as does Johnston. Because the sole issue in Galvan was the lack of a finding on the record of Galvan's prior-offender status, the cause was remanded for the trial court to make the requisite finding and resentence him subject to the same sentencing enhancement. Id. In other words, Galvan permitted the trial court to simply correct its error. On remand, the trial court reimposed the same sentence. State v. Galvan, 744 S.W.2d 510, 511 (Mo. App. W.D. 1988). Here, Johnston seeks more than remand for the trial court to correct its error, which the trial court already corrected by making the untimely finding of his prior-offender status after the cause was submitted to the jury. Johnston instead seeks remand for jury sentencing, arguing that the lack of a timely finding of his prior-offender status on the record pursuant to Section 558.021.2 means the State failed to meet the statutory requirements that allow court sentencing under Section 557.036.4(2). To obtain this remedy, Johnston must demonstrate prejudice. Galvan does not support Johnston's prejudice argument and does not even mention the word prejudice.

Were we to remand this matter for jury sentencing, the range of punishment for the offenses on which Johnston was convicted would remain the same. Because the jury did not convict Johnston of any felony offense, he was not subject to persistent-offender sentencing enhancement under Section 558.016.7. Accordingly, Johnston cannot prove prejudice merely by asserting the trial court's error caused him to be improperly subjected to enhanced sentencing. Remand would not ensure Johnston would receive a sentence of less than one year. As Johnston acknowledges, the jury could impose a lesser sentence or reimpose the same sentence of one year. What a jury might have done is purely speculative and does not constitute prejudicial error under the standard set forth in Teer.

6

Teer established the current test for prejudice when a trial court fails to make the finding of a defendant's prior-offender status prior to jury submission. 275 S.W.3d at 262. Teer, which found prejudicial error, is significantly distinguishable on multiple grounds. First, unlike here, the State in Teer gave the defendant no pre-trial notice that it would seek sentencing enhancement based upon the defendant's offender status. Id. at 260, 262. Second, unlike here, the jury in Teer made a sentencing recommendation. Id. On appeal, the sentence imposed by the trial court was directly compared to the jury's recommended sentence, allowing for a substantive, objective, and non-speculative prejudice analysis. Id. at 262 (noting "the possibility that reversible error would exist if the defendant established actual prejudice" and then finding actual prejudice to the defendant because the trial court sentenced him to *twenty years in state prison while the jury recommended only sentencing the defendant to four years in the county jail)*. No such comparison is possible here to show actual prejudice.

The State offers as guidance State v. Wrice, 389 SW.3d 738 (Mo. App. E.D. 2013), where the trial court's failure to makes a prior offender finding before the case was submitted to the jury was not deemed reversible plain error. However, Wrice lacks guidance because the facts therein are also substantively distinguishable. Although the defendant in Wrice claimed the trial court failed to make the finding of his prior-and-persistent offender status before submitting the case to the jury, Wrice found it was not clear from the record *when* the trial court made its finding. Id. at 742. Because the record lacked specificity regarding when exactly the trial court made its offender status finding, *and because the defendant did not object at trial to the allegedly late finding*, Wrice reviewed the defendant's claim only for plain error. Id. at 742–43. Wrice found no manifest injustice arose in the trial court's late finding that the defendant was a prior and persistent offender because, although not strictly compliant with Section 558.021, the

7

defendant had actual pre-trial notice of the State's intention to seek enhanced sentencing and the State adduced sufficient facts supporting enhanced sentencing at trial. Id. Here, the State notes that while the trial court erred by not making its finding of Johnston's prior-offender status before submitting the case to the jury, the trial court did make that finding based on competent evidence after submitting the case to the jury. The State points to both Johnston's trial testimony and the Amended Information's prior cause numbers referencing two prior felony convictions as the evidence supporting the finding that Johnston was a prior and persistent offender. Unfortunately, as in Wrice, the record before us is incomplete, as the State has not provided a transcript of Johnston's testimony. The record is clear, however, that the trial court did not make its finding as to Johnston's prior-offender status until *after* the case was submitted to the jury. Regardless of what evidence may have been presented at trial as to Johnston's actual offender status, we reject the State's suggestion that Johnston failed to preserve his claim of error by waiting to raise the issue until after the case was submitted to the jury. The burden lay with the State to prove Johnston's prior-and-persistent offender status—not with Johnston. The State should have alerted the trial court of its failure to make such a finding prior to submission to the jury if it wanted sentencing based upon Johnston's prior-offender status.

We are sympathetic to the challenges and constraints the prejudice standard set forth in Teer places on Johnston. The burden to prove actual prejudice may be insurmountable under the present facts, where the trial court did not elicit a sentencing recommendation from the jury to facilitate a differential comparison to the court-imposed sentence. But the alternative is to have this Court make a ruling of prejudice based upon rank speculation—which we will not do. Under our rules of appellate procedure, appellant has the burden to marshal support for his position or to argue why the test for prejudice should be different.

The right to jury sentencing is statutory, not constitutional, such that the mere deprivation of the right itself is not a basis for reversal. See Teer, 275 S.W.3d at 263 (Fischer, J., concurring). As outlined in Teer, the denial of the statutory right to jury sentencing becomes prejudicial **only when it impacts the fairness of the defendant's trial**. See id. (emphasizing that "[t]he prejudice to the defendant in this case is that the rules of the game were changed after the game was over[;] [a]s the dissenting opinion notes, defense counsel objected to the State's late request to amend the information [after the close of evidence and submission to the jury] because had he known there would not be jury sentencing, he would have employed a different trial strategy"). Here, Johnston had notice that the State sought to have him charged and sentenced as a prior and persistent offender based on two prior felony convictions. Johnston does not allege that he would have proceeded any differently at his trial had the trial court timely made its finding of Johnston's prior-offender status. Indeed, no error arose until the case was submitted to the jury without the court having made its statutory finding under Section 558.021.2. We cannot say the rules of the game were changed after the game was over under these facts. See Teer, 275 S.W.3d at 263. Nor will we speculate that the jury necessarily would have given Johnston a lesser sentence than did the trial court when presented with the identical range of punishment. Accordingly, we find Johnston has not shown the necessary prejudice to warrant reversal. See id. at 260. The appeal is denied.

<u>Conclusion</u>

The judgment of the trial court is affirmed.

_Kurt S. Odenwald_
KURT S. ODENWALD, Judge

Lisa P. Page, P.J., concurs.
Rebeca Navarro-McKelvey, J., concurs.

9